**T. Ellis HODGIN, Appellant,**

v.

**Thomas B. NOLAND, City Manager, Martinsville, Va., individually and in his official capacity, Appellee.**

**No. 14641.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1970.

Decided Dec. 30, 1970.

**860**

Robert P. Dwoskin, Roanoke, Va., for appellant.

Jackson L. Kiser, Martinsville, Va. (Young, Kiser, Frith & Haskins, and Irvin W. Cubine, Martinsville, Va., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

The appellant brought this suit against the City Manager of Martinsville, Virginia, and others in authority, claiming that he was illegally discharged from his position as city librarian be-

cause of his participation in constitutionally protected activity. In the fall of 1968 Mr. Hodgin became an active participant in a concerted effort to achieve a change in the religious education program conducted in the local schools. This culminated in a lawsuit filed on July 18, 1969 challenging that educational program. The appellant was discharged within a week of the filing. He claims that the defendant's action was motivated by animosity resulting from his part in the lawsuit. The defendants denied any such purpose, asserting instead that the appellant had used an improper and unauthorized accounting method, resulting in purchases in excess of his budgetary limits and his concealment of invoices, which facts had come to the defendants' attention shortly after the first of July.

The disputed question of fact was submitted to the jury under proper instructions. It concluded that the reason for discharging the appellant was not to punish or retaliate against him for taking an unpopular stand. The trial judge properly instructed the jury that any such intention on the part of the defendants would have been impermissible and would require a judgment for the appellant.

There was ample evidence to support the jury's conclusion that the discharge was occasioned solely by the violation of the rules governing his purchases.

The appellant also claims that he was denied procedural due process in the discharge. He complains that he was afforded neither notice of the cause for his discharge nor a hearing to determine its appropriateness. We conclude that the trial judge was correct in instructing that the defendants were not required to give such a formal notice or to provide a hearing. As city librarian, Mr. Hodgin held his position at the will and pleasure of the city. There was no contractural or other arrangement limiting the right of termination. Accordingly, he was subject to summary discharge with or without cause, so long as it was not in retribution for an exercise

by him of some constitutionally protected right. Jones v. Hopper, 10 Cir., 410 F.2d 1323; Parker v. Board of Education, D.Md., 237 F.Supp. 222; aff. 4 Cir., 348 F.2d 464.

Affirmed.