Garrett C. **CHITWOOD** et al., Appellants,

v.

Eston K. **FEASTER,** Individually and as President of Fairmont State College, et al., Appellees.

No. 72–1404.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 30, 1972.

Decided Oct. 11, 1972.

Franklin D. Cleckley, Morgantown, W. Va. (James A. Esposito, Fairmont, W. Va., on brief), for appellants.

Woodrow A. Potesta and Victor A. Barone, Asst. Attys. Gen., West Virginia (Chauncey H. Browning, Jr., Atty. Gen., West Virginia, on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and CRAVEN and RUSSELL, Circuit Judges.

HAYNSWORTH, Chief Judge:

The District Court, 54 F.R.D. 204, awarded summary judgment against several nontenured teachers whose contracts were not renewed by Fairmont State College in West Virginia. They have appealed, contending, (1) that they were entitled to a statement of the reasons for failure to renew their contracts, and that they should have been given notice and an administrative hearing before the decision not to renew became final; and (2) that their contracts were not renewed in retaliation for conduct by them within the protection of the First and Fourteenth Amendments.

■ The first contention has been foreclosed by a subsequent decision of the Supreme Court in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. These teachers were not tenured and there was no basis for any reasonable expectancy of permanent employment. While the college might have dealt with them more frankly, under Roth, they had no constitutional right to a statement of reasons for the failure to renew their contracts or to an opportunity for an administrative hearing.[1]

■ As to the second branch of the case, some of the plaintiffs make no claim of participation by them in conduct protected by the First and Fourteenth Amendments, for which failure of contract renewal might have been retaliatory. Summary judgment as to them was appropriate, for they had no possible constitutional claim in light of Roth. Others, however, filed affidavits asserting their participation in anti-war and other protest movements, as well as public statements critical of the college and its officials. These are the very kind of claims which led the Supreme Court of the United States in Roth's companion case, Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, to say that a teacher who claimed that the non-renewal of his contract was the result of similar verbal conduct was entitled to a hearing and a determination whether or not the activity protected by the First Amendment was the cause of the termination of the employment relationship.[2]

■ Some of the affidavits refer to what seems to be bickering and running disputes with the department heads. We do not intend to suggest that that

1. There was a faculty grievance committee, to which some of the teachers appealed, but that committee declined to prosecute the claimed grievances.

2. See Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); see also James v. Board of Education of Central District No. 1, 461 F.2d 566 (2d Cir. 1972).

kind of speech is protected by the First Amendment in the sense that it may not be considered in connection with the termination of the employment relationship. A college has a right to expect a teacher to follow instructions and to work cooperatively and harmoniously with the head of the department. If one cannot or does not, if one undertakes to seize the authority and prerogatives of the department head, he does not immunize himself against loss of his position simply because his noncooperation and aggressive conduct are verbalized.

■ General public criticism of public institutions stands on a different plane, however, as Perry v. Sindermann makes clear, and publicly financed educational institutions may not terminate the employment of nontenured teachers who voice such criticism if the criticism causes the termination.

■ The District Judge was not indifferent to the legal principle applicable here. He entered summary judgment against those plaintiffs because they had introduced no hard evidence to support their general assertions or assumptions that their protected conduct had occasioned the end of their employment. He referred specifically to their failure to resort to pretrial discovery procedures after having been twice invited to do so.

The force of the claims that protected speech occasioned the discharges would be far less shadowy if we knew how many other untenured teachers had engaged in comparable speech and how many of them had their contracts terminated. Of course, the factfinder will be further assisted when he has heard from the president of the college, the dean and the department head who participated in the decision with respect to the nonrenewal of each of the contracts involved. But the teacher's claim in Perry v. Sindermann, just as the claims here, was unsupported by hard evidence. The concurrence of protected speech, which

may be unpopular with college officials, and the termination of the employment contract seem to be enough, in the view of the Supreme Court, to occasion inquiry to determine whether or not the failure to renew the contract was in fact caused by the protected speech.

In light of Perry v. Sindermann, decided after the District Judge acted in this case, therefore, the case will be remanded for further proceedings with respect to those plaintiffs whose affidavits show speech protected by the First and Fourteenth Amendments which may have played a part in the decision not to renew their contracts.[3]

The complaint may be dismissed as to all other plaintiffs.

Vacated and remanded.

---

3. One plaintiff had not signed his affidavit, because of physical absence. We think he should be given an opportunity to sign it before further attention is given to his claim.