Daniel H. SHUMATE, Plaintiff,

v.

The BOARD OF EDUCATION OF the
COUNTY OF JACKSON, a corpo-
ration, et al., Defendants.

Civ. A. No. 72–258.

United States District Court,
S. D. West Virginia,
Charleston Division.

Nov. 21, 1972.

Charles R. McElwee and John C. Pal-
mer, IV, Charleston, W. Va., for plain-
tiff.

Gordon Billheimer, Montgomery, W.
Va., Eugene T. Hague, Jr., Parkersburg,
W. Va., for defendants.

### MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

Plaintiff, Daniel H. Shumate, was em-
ployed by defendant Board of Education
of the County of Jackson, West Virgin-
ia, as an art teacher at Ravenswood
High School under three separate teach-
er's probationary contracts for the
school terms of 1969–1970, 1970–1971,
and 1971–1972, but was not re-employed

for the school year 1972–1973. He complains that the board's failure to re-employ him violated his constitutional rights under 42 U.S.C. § 1983, and 28 U.S.C. § 1343. In his complaint he states that the decision of the board not to re-employ him for the school year 1972–1973 "was made under color of state law and was arbitrary, malicious and without legal cause and was based upon or resulted from the exercise by the plaintiff of rights guaranteed by the First Amendment to the Constitution of the United States . . . ." Plaintiff further alleges that the decision was intended to and will, unless restrained, intimidate him and other persons similarly situated from exercising their constitutional rights of "freedoms of association, speech, thought and inquiry as guaranteed by the First Amendment; of academic freedom and the right of privacy as variously guaranteed by the First, Ninth, and Fourteenth Amendments; and of substantive due process, particularly as related to fair consideration for public employment, as guaranteed by the Fourteenth Amendment."

Plaintiff seeks injunctive relief, restraining defendants from employing any other person to fill the vacancy occasioned by their failure to re-employ him and compelling defendants to employ him on a continuing contract basis, commencing with the school year 1972–1973. He asks that defendants be compelled to pay him all benefits to which he would be entitled as a teacher for the school year 1972–1973. He further asks that the Court declare the acts of defendants in refusing to employ him to be in violation of provisions of the constitution and statutes of the United States and that defendants be enjoined from harassing and intimidating him incident to the exercise of his lawful and constitutional rights.

Jurisdiction is based on provisions of the First, Ninth and Fourteenth Amendments to the United States Constitution and on 42 U.S.C. § 1983, and 28 U.S.C. § 1343. Defendants' motion to dismiss the action asserts that the Court lacks jurisdiction of the subject matter and over the persons, but the jurisdiction of the Court does not appear to be seriously challenged.

The Court heard presentations and arguments by counsel on October 24, 1972, and the action was submitted for decision on defendants' motion to dismiss. The motion document is filed by all defendants and includes additional motions filed by the six individual defendants seeking their dismissal as defendants in their individual capacities. Earlier defendant Park filed his separate answer as an individual, including in his third defense a motion that the complaint be dismissed.

The question whether defendant board of education is a "person" within the meaning of the civil rights statutes has not been pressed in the submission of the action for decision. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970).

West Virginia provides by law for tenure of public school teachers, including high school teachers. Two sections of the statute are immediately involved. West Virginia Code, § 18A–2–1 (Michie 1971 Replacement Volume), provides in part:

The employment of professional personnel shall be made by the board only upon nomination and recommendation by the superintendent . . . .

Code, § 18A–2–2, provides in part:

A teacher's contract, under this section, shall be for a term of not less than one nor more than three years; and if, after three years of such employment, the teacher who holds a professional certificate, based on at least a bachelor's degree, has met the qualifications for the same, and the board of education enter into a new contract of employment, it shall be a continuing contract: . . . .

The statute plainly provides that the county board of education is responsible for the employment of public school

teachers. A new teacher may be employed "for a term of not less than one nor more than three years." At the end of the probationary period of three years, the teacher and the board may enter into a new contract, "A continuing contract", providing teacher tenure. The contracts for the one, two or three years of probationary teaching services terminate by force of the statute language, without requirement of any notice, hearing, or any other qualifying factors. On the other hand, the statute, Code, § 18A–2–2, provides that the "continuing contract of any teacher shall remain in full force and effect except as modified by mutual consent of the school board and the teacher, unless and until terminated (1) by a majority vote of the full membership of the board before April first of the then current year, after written notice, served upon the teacher, return receipt requested, stating cause or causes, and an opportunity to be heard at a meeting of the board prior to the board's action thereon. . . . "

Plaintiff and the defendant board of education executed annual contracts, one for each of the three years of plaintiff's probationary teaching services in the public schools of Jackson County. Copies of the three contracts are made exhibits with the complaint. The printed form of the contracts is prescribed by the state superintendent of schools for use throughout the state. Each of the three contracts is denominated "Teacher's Probationary Contract of Employment", each is for a definite period of time, and each contains a paragraph providing that the "contract is not a continuing contract."

At a board meeting on May 18, 1972, defendant Scott, superintendent of the Jackson County schools, acting pursuant to law (W.Va.Code, § 18A–2–1), nominated and recommended persons for employment by the board for the school year 1972–1973, including plaintiff. Plaintiff, being present at the board meeting and ascertaining that he had not been re-employed, addressed the board, requesting a hearing. Later, by letter of May 25, 1972, addressed to the board, plaintiff requested a hearing "on the Board's reasons for its refusal to re-employ" him and that he be given "written notice of the date, time and place of such hearing, together with a statement of the reasons for the Board's refusal, at least ten days prior to the date of hearing." The board did not re-employ plaintiff and did not arrange the requested hearing. When this action was submitted to the Court for decision at the hearing on October 24, 1972, plaintiff's counsel stated that plaintiff had abandoned his request for a hearing before the board.

In his complaint plaintiff reviews some of his activities as a member and president of the Jackson County Education Association, including his action in behalf of "permit and non-tenured teachers", his opposition to the board's proposed change in the uses to which tax levy funds might be applied, and his opposition to the re-election of two incumbent members of the board. He alleges that the decision of the board members not to re-employ him was based upon or resulted from his exercise of First Amendment rights, was designed to intimidate and deter him from exercising his lawful rights and to penalize him because of the exercise of his rights, and will, unless restrained, intimidate and have a chilling effect upon him and others similarly situated in the exercise of their constitutional rights.

The issue now before the Court on defendants' motion to dismiss the action is whether the complaint states a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true." 5 Wright and Miller, Federal Practice and Procedure, § 1357 (1969). See Wood v. Putterman, 316 F.Supp. 646, 647 (D. Md.1970), and L. S. Good & Co. v. H. Daroff & Sons, Inc., 263 F.Supp. 635, 645 (N.D.W.Va.1967).

Counsel for plaintiff and defendant employ two recently decided Supreme Court decisions in support of their respective positions—Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In the one case, Roth was employed in his first teaching job as an assistant professor of political science at Wisconsin State University. His employment was for a definite period, September 1, 1968, to June 30, 1969. The university president informed him during the school year that he would not be re-employed for the next academic year. Roth was given no reason for the decision and no opportunity for a hearing thereon. He commenced his action in the federal district court alleging that the decision not to rehire him infringed his Fourteenth Amendment rights, that the true reason for the decision was to punish him for his statements critical of the university administration, and that failure to give reasons for not rehiring him and an opportunity for a hearing thereon denied him due process of law. The Wisconsin law provided for year-to-year teaching employment in a probationary status for four years before a teacher acquired tenure. A teacher, not rehired at the end of any one of the probationary years, need not be given a reason for not rehiring him and need not be given a hearing.

The district court granted a partial summary judgment, ordering the university to provide plaintiff Roth reasons for not rehiring him and a hearing thereon. The United States Court of Appeals affirmed. The Supreme Court reversed, holding that plaintiff was not deprived of liberty or property and that he was not entitled to a due process hearing. The Supreme Court noted that the university had made no charges against the assistant professor and had not cast a stigma over him in his associations and in the community and that there was no law or rule or policy securing his interest in re-employment or cre-

ating a legitimate claim thereto. Consequently, the Court held he did not have a sufficient liberty or property issue to warrant a due process hearing.

In the other case, Sindermann had been employed in the state college system in Texas for ten years, the last four years as a junior college professor under a series of one-year written contracts. The board of regents declined to renew his contract in 1969 without giving him reasons therefor and a hearing thereon. Sindermann commenced action in a federal district court to compel reinstatement and to recover damages. He claimed the decision not to rehire him was because of his criticism of policies of the college administration and infringed his rights of freedom of speech. He also claimed that failure to provide him an opportunity for a hearing was a denial of due process. The district court granted summary judgment for defendants, holding that Sindermann had no cause of action—that his contract of employment had expired and the college had no tenure system. The Court of Appeals reversed, remanding the case for a hearing on the freedom of speech and due process issues. The Court of Appeals took the position that the freedom of speech issue was in dispute and that the professor, although without tenure, had an expectancy of re-employment warranting a due process hearing. The Supreme Court, disagreeing with the Court of Appeals on some points, affirmed, holding that Sindermann claimed de facto tenure, a sort of implied or common law tenure based on the existence of rules and understandings and "policies and practices of the institution." The Supreme Court's affirmance remanded the case to the district court on Sindermann's allegations that he was not rehired because of his constitutionally protected rights and that he had de facto tenure.

In the case now before this Court plaintiff's complaint fails to claim tenure by law, by contract, or de facto. He may have developed a subjective expectancy of continued employment, but

the Supreme Court in the *Sindermann* case says that a mere subjective expectancy is not protected by procedural due process. Here plaintiff's contract of employment expired by its own terms and defendants did not extend or renew it. Plaintiff fails to point to any conduct, activities or charges on the part of defendants depriving him of liberty or property rights. His claim of a violation of constitutional rights points to defendants' decision not to rehire him, but his complaint points to no bases upon which defendants were obliged to renew his expired and nonexistent contract of employment. Any person may claim a denial of constitutional rights, but, to be judicially cognizable, the claim must relate to some responsible and liable agency or person. In the case before the Court, plaintiff's claim is separated from any responsible and liable agency or person by a void created by an expired and non-existent contract of employment, terminated by its own terms without any action by the defendants. His situation is somewhat comparable to that of an optionee whose option to purchase a home has expired or to a commercial bank patron whose account has been exhausted and closed.

Consistent with requirements on submission of this case for decision on defendants' motion to dismiss, the complaint has been searched in vain for language relating plaintiff's claims for deprivations and denials of constitutional rights to legal responsibilities and liabilities on the part of defendants.

A distinction is to be cleared and made manifest. The Supreme Court in *Sindermann* observed:

The first question presented is whether the respondent's lack of a contractual or tenure right to re-employment, taken alone, defeats his claim that the nonrenewal of his contract violated the First and Fourteenth Amendments. We hold that it does not.

For at least a quarter century, this Court has made clear that even though a person has no "right" to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not act. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. . . .

The Court illustrates its opinion by citing several cases, including three relating to teacher employment contracts.

Shelton v. Tucker, 364 U.S. 479, 81 S. Ct. 247, 5 L.Ed.2d 231 (1960), involved an Arkansas statute requiring a teacher in the state's public schools to file annually, as a condition of re-employment, an affidavit listing the organizations to which the teacher belonged during the preceding five years. The Court held that this statute requirement, administered by school officials, stifled fundamental liberties under the Fourteenth Amendment and in areas of freedom of speech and association.

Keyishian v. Board of Regents of University of State of New York, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967), involved statutes and administrative regulations utilized to prevent appointment and retention of subversive persons as faculty members. The Court found continued employment of faculty members so conditioned on the requirements of the statutes and regulations to be violative of First Amendment rights.

Pickering v. Board of Education of Township High School, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), involved a high school teacher in Illinois who was dismissed by the school board for sending a letter to a newspaper in connection with the school board's proposal relating to tax increases. The let-

ter was critical of the board's handling of past revenue proposals. The board dismissed the teacher, after hearing, on the ground that the letter was "detrimental to the efficient operation and administration of the schools of the district." The board's action was pursuant to provisions of an Illinois statute. The Court reversed the teacher's dismissal since First and Fourteenth Amendment rights include the right to speak and express views on issues of public importance.

Plaintiff's complaint here does not present a comparable case. In each of the Supreme Court decisions above cited, the school officials acted affirmatively pursuant to state law to make effective certain conditions prerequisite to continued teacher employment. The complaint in the present case shows that plaintiff's contract of employment expired. No provision of state law and no board of education policy or practice was invoked or employed in the contract expiration. The complaint is silent as to any action or charges by defendants providing or creating bases of responsibility or liability to which plaintiff's claims of denial of constitutional rights can relate. The Supreme Court's decision in the *Sindermann* case, quoted above, states that the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." Here plaintiff's contract had expired and no benefit remained for denial to him. The complaint claims violations and denials of constitutional rights, but the claims are not, in the context of the complaint when viewed in light most favorable to plaintiff, judicially cognizable as claims against these defendants.

The Court finds and concludes:

1. The Court has jurisdiction of the action for hearing and decision on the motion to dismiss. 42 U.S.C. § 1983; 28 U.S.C. § 1343.

2. Under the law of West Virginia, plaintiff, a high school teacher, has no tenure rights to continued employment. His last contract, a teacher's probationary contract of employment, was for the 1971–1972 school term, expiring ten months from and after July 1, 1971.

3. His complaint fails to show any statute, rule, regulation, policy, practice or understandings providing tenure from and after the expiration of his contract.

4. No allegations are found in the complaint indicating defendants, in not rehiring plaintiff, made any charges against him or imposed any stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.

5. Plaintiff's allegations disclose no deprivation of liberty or property. He was not entitled to a board statement of reasons for not re-employing him or for a hearing thereon. Board of Regents of State Colleges v. Roth, *supra*.

6. While the complaint states claims of violations and denials of constitutional rights, the claims are not judicially cognizable as actionable claims sustainable herein against defendants.

7. The complaint, construed in light most favorable to plaintiff, with its allegations taken as true, fails to state a claim upon which relief can be granted against defendants and will accordingly be dismissed.

8. The Court's action on the basic motion to dismiss the complaint makes unnecessary action on the motions to dismiss filed by individual defendants.

9. Likewise dismissal of the action makes unnecessary any discussion or decision on whether the Board of Education of the County of Jackson is a person within the meaning of the civil rights laws.