Daniel H. **SHUMATE**, Appellant,

v.

The **BOARD OF EDUCATION OF** the **COUNTY OF JACKSON**, a corporation, et al., Appellees.

No. 73–1139.

United States Court of Appeals, Fourth Circuit.

Submitted April 16, 1973.

Decided May 4, 1973.

Charles R. McElwee and John C. Palmer, IV, Charleston, W. Va., on brief for appellant.

Joseph C. Hash, Jr., Pros. Atty., Ripley, W. Va., on brief for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Senior Circuit Judges.

PER CURIAM:

Daniel H. Shumate brought this suit under 42 U.S.C. § 1983, seeking reinstatement as a public school teacher and damages against the Board of Education of Jackson County, West Virginia. The complaint alleged that the Board's failure to re-employ him for the 1972–73 school year "was arbitrary, malicious and without legal cause and was based upon or resulted from the exercise by the plaintiff of rights guaranteed by the First Amendment to the Constitution of the United States   *   *   *." In response to the defendants' motion the district court, 350 F.Supp. 1315, dismissed the complaint for failure to state a claim upon which relief can be granted. We cannot agree. We reverse and remand this case for trial on the merits.

Shumate was an art teacher at a high school in Jackson County, West Virginia, employed in his third year of teaching under a probationary contract.[1] Assuming he met the statutory requirements he was eligible for a "continuing contract," providing teacher tenure, beginning with the fourth year. In his complaint Shumate alleged that although he was a competent teacher and satisfied the requirements for a fourth year contract, the school board refused to grant the contract because of his controversial activities as a member and president of the Jackson County Education Association. This refusal, he says, was intended to punish and deter him from exercising his first amendment rights, including the rights of freedom of association, speech, thought and inquiry.

In dismissing the complaint, the district court recognized that Shumate stated claims of violation of constitutional rights, but proceeded on the theory that the school board merely allowed his probationary contract to expire and was under no obligation to renew it. The court correctly noted that the board took no affirmative action revoking the contract nor did it condition renewal on some restrictive prerequisite.[2] Thus, since Shumate did not have a tenured status, the district court reasoned he had no rights to vindicate and the school board could not be liable under section 1983.

■ We think such a conclusion is contrary to the recent Supreme Court decision of Perry v. Sindermann, 408 U.

S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Just as Shumate's contract was allowed to expire, so was Sindermann's. While failure to renew a contract may not be an affirmative action, it was in each case a deliberate inaction. As it was with Sindermann, the critical question here is whether the board's decision not to renew Shumate's contract was made in retaliation for his exercise of his free speech rights. The absence of any contractual or tenure right does not affect Shumate's constitutional claims. *Id.* at 596, 92 S.Ct. 2694. See also Chitwood v. Feaster, 468 F.2d 359 (4th Cir. 1972).

■ This is not to say that a school board may not decline to renew such a teacher's contract for a good reason or for no reason. It may not do so for a bad reason if the bad reason is retribution for one's lawful exercise of constitutionally protected rights.

■ Therefore, we hold that a claim grounded on 42 U.S.C. § 1983 and based on the allegation that the county school board has denied employment to a public school teacher solely because of his exercise of his constitutional free speech rights will, if proven, entitle Shumate to relief.

Accordingly, the board's motion for summary affirmance is denied. The motion for summary reversal is granted and the judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

---

1. W.Va.Code Ann. § 18A–2–2 (Replacement Vol. 1971) provides:

    A teacher's contract under this section, shall be for a term of not less than one nor more than three years; and if, after three years of such employment, the teacher who holds a professional certificate, based on at least a bachelor's degree, has met the qualifications for the same, and the board of education enter into a new contract of employment, it shall be a continuing contract: * * *.

2. The district court distinguished this action from similar cases in which school officials had "acted affirmatively pursuant to state law to make effective certain conditions prerequisite to continued teacher employment." See Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Shelton v. Tucker, 364 U.S. 471, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960).