**Carl D. BISHOP, Plaintiff,**

v.

**W. H. WOOD, Chief of Police of the City of Marion, North Carolina, and others, Defendants.**

**Civ. No. SH–72–78.**

United States District Court,
W. D. North Carolina,
Shelby Division.

Aug. 30, 1973.

---

Smith, Patterson, Follin & Curtis by Norman B. Smith, Greensboro, N. C., for plaintiff.

Dameron & Burgin, by Charles E. Burgin, Marion, N. C., for defendant.

MEMORANDUM OF DECISION.

WOODROW WILSON JONES, Chief Judge.

The plaintiff, a former police officer of the City of Marion, North Carolina, brings this action against the defendants, W. H. Wood, Chief of Police, Victor Denton, City Manager, and the City of Marion, a municipal corporation, under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3), contending that his Fifth and Fourteenth Amendment rights were violated when he was discharged from his job. · He seeks an order requiring the defendants to re-employ him and a monetary award of damages consisting of his wages from March 31, 1972, to the date of judgment. Both parties have moved for summary judgment and filed affidavits and briefs. After full consideration of the pleadings, briefs, affidavits, and oral arguments, the Court now enters its findings and conclusions.

The parties agree that the plaintiff was employed by the City of Marion as a police officer on the 9th day of June, 1969, and was discharged from such employment on March 31, 1972, by the defendant, Victor Denton, City Manager, upon the recommendation of the defendant, W. H. Wood, Chief of Police. There was no written contract of employment, nor was there any agreement as to the terms of such employment. All newly employed policemen are on a probationary period for six months and afterwards are considered permanent employees. It is the practice and policy of the Police Department of the City to conduct a training program for new policemen and to require them to take training courses provided by the Community College and other institutions. The plaintiff was not given a formal hearing prior to dismissal, but was advised orally by the City Manager that he was to be dismissed upon the complaint of his superior, the Chief of Police.

The plaintiff contends that he was entitled to notice and a formal hearing be-

fore being discharged, and that the failure of the defendants to provide such notice and hearing violated his constitutional rights of due process as guaranteed by the Fifth and Fourteenth Amendments. The facts as to why the plaintiff was discharged are in dispute. The Chief of Police and the City Manager contend that the plaintiff was discharged because of his failure ·to abide by the rules and regulations of the Police Department, particularly with regard to high speed automobile pursuits outside the city limits, his failure to check business establishments, and his failure to attend police training sessions. The plaintiff denies these allegations and offers evidence tending to show his compliance with the department's rules and regulations.

Article II, Section 6, of the Personnel Ordinance of the City of Marion, reads as follows:

> *"Dismissal.* A permanent employee whose work is not satisfactory over a period of time shall be notified in what way his work is deficient and what he must do if his work is to be satisfactory. If a permanent employee fails to perform work up to the standard of the classification held, or continues to be negligent, inefficient, or unfit to perform his duties, he may be dismissed by the City Manager. · Any discharged employee shall be given written notice of his discharge setting forth the effective date and reasons for his discharge if he shall request such a notice.".

The record discloses that the plaintiff was given oral notice of and reasons for his discharge, and, upon request, was given written notice and reasons for such discharge. There is no contention that the provisions of this Article were not complied ·with by the defendants.

The plaintiff contends that under the teachings of Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, he was entitled to continued employment and therefore entitled to constitutionally required notice and hearing before dis-

missal, and that since such rights were denied him he is entitled to judgment as a matter of law. On the other hand, defendants contend that the plaintiff was serving at the will and pleasure of the city, and that he had no property right in his continued employment as a policeman, and that notice and hearing prior to dismissal are not constitutionally required. On the basis of the admitted facts, it therefore appears the sole question for determination by this Court is whether the plaintiff was entitled to notice and hearing prior to his dismissal from the police force of the City of Marion. Therefore, summary judgment is now appropriate in this cause.

The plaintiff does not allege any violation of his First Amendment rights, but contends that he has acquired a property right in his employment which is protected by the Fourteenth Amendment. He relies upon Perry v. Sindermann, *supra,* for his position that a public employee who has a legitimate claim to continued employment is entitled to a notice and hearing consistent with procedural due process standards before his employment constitutionally can be terminated. He contends that after the six months probationary period he became a permanent employee, and that several police officers have been employed by the city on a continued basis for many years, and that he therefore acquired tenure or at least acquired the right to expect continued employment.

The defendants contend that the plaintiff was serving at the will of the city, and that he had acquired no property right in such employment which would be protected by the Fifth or Fourteenth Amendments. They contend that the plaintiff was subject to dismissal without notice and hearing so long as it was not in retribution for an exercise of some constitutionally protected right.

The plaintiff's reliance upon Perry v. Sindermann, *supra,* is misplaced, as that case is clearly distinguishable from the case at bar. First, *Sindermann* alleged that his discharge was based upon his testimony before the Texas legislature

and his public disagreements with the policies of the Board of Regents of the College. He thus contended that he was discharged for the exercise of his First Amendment rights. No such allegation or contention appears in the case at bar. Second, the Supreme Court struck down the Circuit Court's holding that a mere subjective expectancy of continued employment is protected by procedural due process, and held that the plaintiff, a professor with 10 years of service, should not be foreclosed from proving his entitlement to tenure based upon the rules and understandings officially promulgated and fostered. On the same day, the Supreme Court decided Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and held that a professor, with one year of service, was not denied his constitutional rights of liberty and property without due process when the University failed to give him a statement of reasons and provide a hearing on its decision not to re-hire him for another year. The court said:

> "It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another. Cafeteria Workers v. McElroy, *supra*, 367 U.S. [886] at 895–896, 81 S.Ct. [1743] at 1748–1749, 6 L.Ed.2d 1230."

Here, as in *Roth*, there is no suggestion whatever that the plaintiff's loss of his "good name, reputation, honor or integrity" is at stake. There is nothing involved except one job with one city, and the plaintiff remains free to seek another job. The court said in *Roth*, with reference to property interests:

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that

must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

> "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." 92 S.Ct. 2709.

■ Under the law in North Carolina, nothing else appearing, a contract of employment which contains no provision for the duration or termination of employment is terminable at the will of either party irrespective of the quality of performance by the other party. By statute, G.S. 115–142(b), a County Board of Education in North Carolina may terminate the employment of a teacher at the end of the school year without filing charges or giving its reasons for such termination, or granting the teacher an opportunity to be heard. Still v. Lance, 279 N.C. 254, 182 S.E.2d 403 (1971).

It is clear from Article II, Section 6, of the City's Personnel Ordinance, that the dismissal of an employee does not require a notice or a hearing. Upon request of the discharged employee, he shall be given written notice of his discharge setting forth the effective date and the reasons for the discharge. It thus appears that both the city ordinance and the state law have been complied with.

It further appears that the plaintiff held his position at the will and pleasure of the city

In Hodgin v. Noland, 435 F.2d 859 (4th Cir. 1970), the plaintiff, a city librarian, was discharged without notice and hearing. The court held:

> "We conclude that the trial judge was correct in instructing that the defendants were not required to give such a

formal notice or to provide a hearing. As city librarian, Mr. Hodgin held his position at the will and pleasure of the city. There was no contractural or other arrangement limiting the right of termination. Accordingly, he was subject to summary discharge with or without cause, so long as it was not in retribution for an exercise by him of some constitutionally protected right." (Citations omitted.)

In Brown v. Hirst, 443 F.2d 899 (4th Cir. 1971), the court followed *Hodgin* and affirmed the district court in dismissing the complaint of a city employee who alleged he had been fired without a hearing in violation of due process. The court said:

"Appellant worked for the City of Roanoke, and the city charter gives appellee, as the city manager, the 'power to discipline and remove' any city employee. Thus, as in *Hodgin,* the appellant in the instant case was employed at the will and pleasure of the city and thus was subject to dismissal so long as it was not in retribution for an exercise of some constitutionally protected right."

The Fourth Circuit has spoken on this question since the Supreme Court decisions in *Sindermann* and *Roth.* In Chitwood v. Feaster, 468 F.2d 359 (4th Cir. 1972), non-tenured teachers not re-hired by a state college in West Virginia, contended they were entitled to a statement of reasons for failure to renew their contracts and that they should have been given notice and a hearing before the decision not to renew became final. Chief Judge Haynsworth, speaking for the court, said:

"The first contention has been foreclosed by a subsequent decision of the Supreme Court in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. These teachers were not tenured and there was no basis for any reasonable expectancy of permanent employment. While the college might have dealt with them more frankly, under *Roth,* they had no constitutional right to a statement of reasons for the failure to renew their contracts or to an opportunity for an administrative hearing."

In Johnson v. Fraley, 470 F.2d 179 (4th Cir. 1972), the court held that a public school teacher who had been so employed on a continuous basis for 29 years, and who was dismissed without notice and hearing allegedly contrary to the Board's own regulation and State law was entitled to be heard on implied tenure. The court, in Kota v. Little, 473 F.2d 1 (4th Cir. 1973), followed *Roth* and *Chitwood* relative to the re-employment of an untenured professor.

The plaintiff's dismissal was not for impermissible constitutional reasons such as race or religion, or for retribution for the exercise of other First Amendment rights, and such dismissal did not result in deprivation of his liberty in any form, nor did it interfere with a property right. He had no tenure, and the city had not created by regulation or policy, any condition in which its employees could expect continued employment. Since his dismissal resulted in no deprivation of an interest or right protected by the Fifth or Fourteenth Amendments, he was not entitled to a formal hearing prior to said dismissal. The defendants are therefore entitled to a dismissal of the action, and their Motion for Summary Judgment will be allowed. An order dismissing the action will be entered simultaneously herewith.