**Carl D. BISHOP, Plaintiff-Appellant,**

**v.**

**W. H. WOOD, etc., et al., Defendants-Appellees.**

**No. 73-2240.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1974.

Decided June 21, 1974.

J. David James, Greensboro, N. C.
(Norman B. Smith, Smith, Carrington,
Patterson, Follin & Curtis, Greensboro,
N. C., on brief), for plaintiff-appellant.

Charles E. Burgin, Marion, N. C.
(Dameron & Burgin, Marion N. C., on
brief), for defendants-appellees.

Before BRYAN, Senior Circuit Judge,
and WINTER and WIDENER, Circuit
Judges.

PER CURIAM:

Upon consideration of the record, the
briefs, and oral argument, we are of
opinion the judgment below was correct,
and affirm on the opinion of the district
court, 377 F.Supp. 501 (W.D.N.C.1973).

Affirmed.

WINTER, Circuit Judge (dissenting):

Unlike my co-panelists, I think that
Board of Regents v. Roth, 408 U.S. 564,
92 S.Ct. 2701, 33 L.Ed.2d 548 (1972),
and Perry v. Sindermann, 408 U.S. 593,
92 S.Ct. 2694, 33 L.Ed.2d 570 (1952),
not only foreclosed the entry of summary judgment for defendants, but require
that, if summary disposition is to be
made, plaintiff should be adjudged entitled to recover damages from defendants
in an amount subsequently to be assessed. I therefore respectfully dissent.

Plaintiff was employed as a policeman
for more than thirty-three months by
the City of Marion, North Carolina. He
was dismissed by the City Manager
upon the complaint of the Chief of Police for unsatisfactory work, failure to
attend training schools, "insubordination," and the commission of "acts unsuited to a police officer." Admittedly,
the plaintiff was not given notice that
there were grounds allegedly sufficient
to discharge him, nor was he given a
hearing to determine if those grounds
were well grounded. He was given written notice of his discharge, but all of the
reasons therefor were not set forth. In
short, if plaintiff was entitled to be afforded procedural due process, it was
clearly denied him; he was given neither notice nor a hearing.

As I read *Roth* and *Sindermann,*
plaintiff was entitled to recovery under
either or both of two theories. In my
view, he had been deprived of an interest in "property" and he had been deprived of his "liberty."

*Roth* and *Sindermann* make clear that
the right to tenure is a "property" interest entitled to the protection of procedural due process. Plaintiff possessed
such a right. Under the ordinances of
the City of Marion which governed his
employment, newly hired policemen are
probationary employees for six months.
After then they become permanent employees, and a permanent employee may
be discharged only if he "fails to perform work up to the standard of the
classification held, or continues to be
negligent, inefficient, or unfit to perform his duties [after he has been first
'notified in what way his work is deficient and what he must do if his work is
to be satisfactory']." Article II, § 6,
Personnel Ordinance of the City of Marion. I can only read this ordinance as
giving plaintiff a right to continuing
employment unless there be good cause
for his dismissal. This continuing right
is tantamount to tenure; hence, my conclusion that plaintiff had a "property"
right to his employment entitling him to
procedural due process protection.

Even if plaintiff lacked a property
right in his job, there can be no question that the circumstances of his dismissal from public employment injured

certain interests embraced within the concept of "liberty" found in the fourteenth amendment. In *Roth,* the Court quoted from Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971), that "[w]here a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." 408 U.S. at 573, 92 S.Ct. at 2707. Defendants' affidavits admit that plaintiff was dismissed, *inter alia,* because of "insubordination" and "conduct unsuited to a police officer." Accusations of this nature made against one engaged in the occupation of a law enforcement officer manifestly have a severe adverse impact upon future employment opportunities, and it can be reasonably expected that defendants would disclose these reasons upon the request of a person considering plaintiff's employment who inquired of the respects in which plaintiff's work had been found unsatisfactory. To my mind, it therefore follows that procedural due process should apply, and as a minimum plaintiff should have been given notice of and afforded an opportunity to refute the charges before he was dismissed.

I add a word about the jurisdiction of the district court. Plaintiff joined the City of Marion, North Carolina, as a party-defendant, together with the Chief of Police and the City Manager. Jurisdiction was alleged to exist under 42 U.S.C. § 1983; 28 U.S.C. §§ 1331(a) and 1343(3). Of course, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), hold that the City of Marion is not a "person" within the meaning of 42 U.S.C. § 1983, and therefore the district court lacked jurisdiction over the claim against the City under 28 U.S.C. § 1343(3). Jurisdiction as to the individual defendants unquestionably existed. But, as to the City, plaintiff alleged a deprivation of his right to procedural due process under the fourteenth amendment, and the district court had jurisdiction under 28 U.S.C. § 1331(a), provided there was the requisite amount in controversy. Whether $10,000 is at issue is sharply contested on the theory that plaintiff's back pay claim *after mitigation of damages* will not reasonably amount to $10,000. The short answer is that the district court had pendent jurisdiction over the claim against the City arising directly under the fourteenth amendment by reason of the intimate connection of that claim with the § 1983 claim against the other defendants. The Second Circuit has held that the doctrine of pendent jurisdiction applies even where the defendant to the pendent claim is not a defendant to the claim conferring jurisdiction, and I would follow its lead. Leather's Best, Inc. v. S.S. Mormaclynx, 451 F.2d 800, 809–811 (2 Cir. 1971).