Katherine R. SHEPPARD, Plaintiff,

v.

The **WEST VIRGINIA BOARD OF RE-GENTS**, a corporation, Defendants.

No. 74–38.

United States District Court,
S. D. West Virginia,
Charleston Division.

July 9, 1974.

James B. McIntyre and Stephen P. Swisher, Charleston, W. Va., for plaintiff.

Chauncey H. Browning, Jr., Atty. Gen. of W. Va., and William R. Wooton, Asst. Atty Gen., Charleston, W. Va., for defendants.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

The plaintiff, Katherine R. Sheppard, in the sixteenth paragraph of her complaint, states:

This is an action seeking to compel the reemployment of the plaintiff by the defendant The West Virginia Board of Regents for the school term 1973–1974 commencing as of August 15, 1973, and to recover any wages and benefits to which the plaintiff would have been entitled as such an employee during the said school term.

Paragraph one of the complaint states:

The Court's jurisdiction of the subject matter of this complaint arises under the Ninth and Fourteenth Amendments to the Constitution of the United States, under Title 42, United States Code, Section 1983, and under Title 28, United States Code, Section 1343.

The action is before the Court on defendants' motion to dismiss, based primarily on lack of jurisdiction and failure of the complaint to state a claim upon which relief may be granted. Rule 12 (b), Federal Rules of Civil Procedure.

The basic facts involved in the action are not in controversy. Plaintiff was employed in August of 1967 as an instructor in chemistry for the school year 1967–68 at West Virginia Institute of Technology, Montgomery, West Virginia. At that time the institution's Faculty Handbook provided:

II. *Tenure*

A. Tenure is not granted automatically, but is the result of action by the West Virginia Board of Education upon the recommendation of the President of the College. Tenure status may be attained by all teaching personnel with the rank of assistant professor, associate professor, and professor.

B. A new appointee who has previously taught on the college level three or more years is subject to a three year probationary period before tenure is acquired. The probationary period is five years for persons with less than three years of previous college teaching experience.

C. Dismissal of persons on tenure shall be for adequate cause, including incompetency, immorality, insubordination, physical or mental disability, proven disloyalty to the country, or because of a bona fide financial exigency.

With language changes, the Faculty Handbook provisions are substantially the same as the tenure provisions of administrative regulations approved by the West Virginia Board of Education, August 26, 1968, relating to Faculty Probation, Tenure, Dismissal, and Rank.

Also, at that time, management and control of the institution, including faculty appointments, were within the powers and jurisdiction of the institution's president and the West Virginia Board of Education, the latter a statutory body vested by law with controlling authority over certain educational policies and programs of the state. W.Va.Code, § 18–2–1 (Michie 1961). Plaintiff's contract was renewed for the school year 1968–69. In 1969 the West Virginia Legislature established the West Virginia Board of Regents and transferred certain powers and duties from the Board of Education to the Board of Regents relating to management and control of state colleges and universities, including West Virginia Institute of Technology. W.Va.Code, §§ 18–26–1 and 18–26–12 (1971 Replacement Volume). Plaintiff's contract was subsequently renewed for the school years 1969–70, 1970–71, 1971–72 and 1972–73 under the Board of Regents. At the end of the 1970–71 year plaintiff was advanced from instructor status to assistant professor. Her contract was not renewed for the year 1973–74, a fact precipitating this action.

With the renewal of her contract for the year 1972–73, transmitted to her by

letter of May 9, 1972, plaintiff was given written notice that her contract would "not be renewed after the 1972–73 academic year." At the time of the notice, regulations of the West Virginia Board of Regents as to nonreappointment of faculty members contained the following provisions:

IV. *Notice of Nonreappointment*

Notice of nonreappointment, or of intention not to recommend reappointment to the West Virginia Board of Regents, will be given in writing in accordance with the following standards:

1. Not later than March 1 of the first academic year of service, if the appointment expires at the end of that year; or, if a one-year appointment terminates during an academic year, at least three months in advance of its termination.

2. Not later than December 15 of the second academic year of service, if the appointment expires at the end of that year; or, if the second appointment terminates during the academic year, at least three months in advance of its termination.

3. At least twelve months before the expiration of an appointment after two or more years in the institution.

Plaintiff's request for recognition of her tenure rights and for renewal of her contract was denied by the institution's president and the Board of Regents, defendants in this action. In her complaint plaintiff asserts that she has been denied a fair and impartial hearing by defendants, much to her detriment and harm in the exercise of her rights under the Ninth and Fourteenth Amendments to the Constitution. ▆ Upon careful review and consideration of the record in this action, the Court finds and concludes:

1. The West Virginia Board of Regents is authorized and empowered by law to make, promulgate, modify, amend, and enforce rules and regulations relat-ing to and controlling the employment, tenure and nonreemployment of faculty members at state educational institutions under the Board's jurisdiction. W.Va. Code, § 18–26–8 (1971 Replacement Volume); 2 Am.Jur.2d, Administrative Law, § 310 (1962).

2. Under regulations, in this case controlling, faculty tenure is not granted automatically. The grant of tenure requires positive and affirmative action. Plaintiff was not granted tenure and had no property right in or legal expectancy of further employment. Watts v. Board of Curators, University of Missouri, 363 F.Supp. 883 (W.D.Mo.1973); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

3. Plaintiff was given written notice of her nonreappointment by communication of May 9, 1972, more than twelve months before expiration of her appointment for the academic year 1972–73, consistent with controlling regulations.

4. The record discloses no issue as to any claimed protected rights under the First or Fourteenth Amendments to the Constitution. Plaintiff is not entitled to a statement of reasons for her nonreemployment or to a hearing thereon. Chitwood v. Feaster, 468 F.2d 359 (4th Cir. 1972); Shumate v. Board of Education, 478 F.2d 233 (4th Cir. 1973); Watts v. Board of Curators, University of Missouri, *supra*; Perry v. Sindermann, *supra*; Board of Regents v. Roth, *supra*.

5. The West Virginia Board of Regents and its members, officers and representatives, acting in their official capacities, are not "persons" within the meaning of 42 U.S.C. § 1983. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Taliaferro v. State Council of Higher Education, 372 F.Supp. 1378 (E.D.Va.1974). The complaint in this action is directed at the individual defendants individually and in their official capacities. No allegations in the complaint charge any

of the individual defendants with action or conduct outside or beyond the scope of their official duties and responsibilities. The action in this context may not be maintained against the defendants or any of them.

Upon the foregoing findings and conclusions, and in consideration of the record in the action pertinent to defendants' motion to dismiss, it is

ADJUDGED and ORDERED that defendants' said motion to dismiss the action be, and it is hereby, granted. The action is accordingly dismissed and this cause will be closed and removed from the docket of the Court.