**Floyd P. BROWN, Plaintiff,**

v.

**Julian F. HIRST, Individually, and as City Manager, City of Roanoke, Virginia, Defendant.**

**Civ. A. No. 70–C–120–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 5, 1971.

Kurt Berggren, John M. Levy, Gerald G. Poindexter, Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiff.

James N. Kincanon, City Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

On June 23, 1970 Floyd P. Brown was fired from his job with the Sanitation

Department of the City of Roanoke. In accordance with the applicable provisions of the Code of the City of Roanoke, he noted an appeal for a hearing before the Personnel Board. At the hearing the plaintiff and his attorney were present but the defendant was not present. The Personnel Board unanimously recommended that the plaintiff be reinstated to his position but this was denied by the defendant, who affirmed the original dismissal. This decision was reached on the basis of the defendant's examination of the plaintiff's personnel file and work history and apparently without contacting anyone to determine what had occurred at the hearing before the Personnel Board.

In a report concerning his decision the defendant mentioned two prime reasons for the dismissal: 1) excessive absence from work (over 19% of the time during the preceding 5½ years under either sick leave or leave without pay) and 2) a number of minor accidents while driving a garbage truck which were charged to the fault of the plaintiff. This action, seeking reinstatement and back pay, has been brought pursuant to 42 U.S.C. § 1983 and it contends that the City of Roanoke must grant the plaintiff a hearing which accords with the dictates of due process before it can terminate his employment. The defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted while the plaintiff has moved for summary judgment.

In this action the plaintiff does not contend that he was fired for exercising Constitutionally protected activity. Neither does he contend that personal animosity on the part of his immediate supervisors or the defendant played any role in the termination of his employment. His sole proposition is that he must be accorded a hearing which is conducted with regard to settled principles of due process and whose decision cannot be overruled by the defendant on the basis of his ex parte examination.

Although there has been considerable recent development in the area of procedural due process with regard to government benefits, *see* Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, (1970), the United States Court of Appeals for the Fourth Circuit has recently decided the very point raised by the plaintiff adversely to his contention:

> The appellant also claims that he was denied procedural due process in the discharge. He complains that he was afforded neither notice of the cause for his discharge nor a hearing to determine its appropriateness. We conclude * * * that the defendants were not required to give such a formal notice or to provide a hearing. As city librarian, Mr. Hodgin held his position at the will and pleasure of the city. There was no contractual or other arrangement limiting the right of termination. Accordingly, he was subject to summary discharge with or without cause, so long as it was not in retribution for an exercise by him of some constitutionally protected right.

Hodgin v. Noland, 435 F.2d 859 (4th Cir. 1970). Although the court may agree with the plaintiff that the hearing accorded him does not seem to have fulfilled any real purpose in that the defendant apparently paid no attention to it, his rights were not violated because the City had no obligation under the Constitution to grant him any hearing at all. Section 21 of the Charter of the City of Roanoke gives the City Manager "power to discipline and remove any such officer and employee" and the defendant did not act beyond the scope of his authority.

It is the judgment of this court that the plaintiff has failed to state a claim upon which relief can be granted. The complaint must be and and hereby is dismissed.

The clerk shall send certified copies of this opinion and judgment to counsel of record.