UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHARLES ROSEN, III,
                    *Plaintiff-Appellant,*

v.

THE CITY OF VIRGINIA BEACH; JAMES
K. SPORE, in his capacity as City
Manager for the City of Virginia
Beach; ALFRED M. JACOCKS,
individually, and in his capacity as
Chief of Police for the City of
Virginia Beach, Virginia,
                    *Defendants-Appellees.*

No. 02-2244

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CA-01-832-2)

Submitted: May 21, 2003

Decided: May 30, 2003

Before WILKINSON and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Andrew M. Sacks, SACKS & SACKS, Norfolk, Virginia, for Appellant. Hunter W. Sims, Jr., Scott W. Kezman, Kristan B. Burch, KAUFMAN & CANOLES, P.C., Norfolk, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Charles W. Rosen, III, appeals from the order of the district court granting Defendants' motion for summary judgment and dismissing his complaint brought under 42 U.S.C. § 1983 (2000).[1] After our de novo review, *see Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988), we affirm.

Rosen first claims that the district court erred in denying relief on his substantive due process claim arising from his involvement in the 1999 arrest of Victor Moultrie. Under 42 U.S.C. § 1983 (2000), in order to make a due process claim relating to the termination of employment, one must first assert a legitimate liberty or property interest in the employment position. *See Board of Regents v. Roth*, 408 U.S. 564, 569-71 (1972). To have a constitutionally protected property interest in employment, "'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Prince v. Bridges*, 537 F.2d 1269, 1271 (4th Cir. 1976) (quoting *Roth*, 408 U.S. at 577) (emphasis deleted). Moreover, one cannot maintain a claim of the deprivation of a legitimate property interest in a position of employment where he has voluntarily resigned the position. *See Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 167, 173 (4th Cir. 1988). It is undisputed that Rosen resigned his position with the Virginia Beach Police Department. Furthermore, we find Rosen's repeated conclusory allegations that his resignation was rendered involuntary by duress and coercion to be unpersuasive. *See id.* at 174. Accordingly, we deny this claim.

---

[1]Rosen also raised several state-law claims that were likewise dismissed when the district court declined to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367 (2000). Rosen has abandoned these claims on appeal.

Rosen next argues that the district court erred in rejecting his procedural due process claim that he was denied an opportunity to challenge his termination from the police department. Following his voluntary resignation, Rosen was entitled only to appeal the characterization of his resignation. Although Rosen initially pursued this effort, he abandoned these efforts when he was indicted for criminal assault by the grand jury for the City of Norfolk. Our review of the record discloses that following his acquittal, Rosen has made no effort to avail himself of his right of appeal. Accordingly, we deny this final claim.[2]

We affirm the district court's grant of summary judgment in Defendants' favor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Rosen has presented no argument on his claim raised in the district court that Acting Chief of Police Alfred Jacocks denied him procedural due process by conducting a press conference and characterizing Rosen's actions in a negative light. Accordingly, we conclude that Rosen has abandoned this claim.