**Wasena WOOTEN, Appellant,**

v.

**CLIFTON FORGE SCHOOL BOARD; P. E. Truitt, Jr.; Irene Williams; Elvin Nicely; Michael R. Scott; Aubrey C. Hall; George J. Kostel, Executor of the Estate of Peter Kostel; Janie Barnett and Julius S. Garbett, Appellees.**

**Wasena WOOTEN, Appellee,**

v.

**CLIFTON FORGE SCHOOL BOARD; P. E. Truitt, Jr.; Irene Williams; Elvin Nicely; Michael R. Scott; Aubrey C. Hall; George J. Kostel, Executor of the Estate of Peter Kostel; Janie Barnett and Julius S. Garbett, Appellants.**

**Nos. 80–1198, 80–1199.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1981.

Decided July 21, 1981.

Dennis Montgomery, Roanoke, Va., for Wasena Wooten.

Joseph A. Matthews, Jr., Roanoke, Va. (William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., on brief), for Clifton Forge School Board, et al.

Before WINTER, Chief Judge, BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

BUTZNER, Circuit Judge;

In this suit brought pursuant to 42 U.S.C. § 1983, Wasena Wooten appeals the order of the district court dismissing his claim against the Clifton Forge School Board. Wooten asserts that the Board violated his fourteenth amendment rights to procedural due process when it reassigned him from the position of principal at Clifton Forge High School to the position of teacher. The Board appeals the district court's denial of its motion for attorneys' fees pursuant to 42 U.S.C. § 1988. We affirm the district court on both issues.

I

Wooten was the first and only black principal to serve at Clifton Forge. He received a "continuing" contract after the 1976–77 school year. In April, 1979, the Board notified Wooten that he had been reassigned to a teaching position for the next school year. The reassignment reduced Wooten's salary by approximately 25%. Wooten, through his counsel, requested written explanation and an opportunity to be heard regarding this reassignment. He was advised through the Board's counsel that his request was denied, as the Board believed state law did not require either a hearing or a statement of reasons.

Wooten then brought this suit in the district court, alleging first that the procedures by which he was reassigned failed to satisfy the due process requirements of the fourteenth amendment, and second, that the Board had unconstitutionally discriminated on the basis of race in its reassignment. Prior to trial, Wooten moved for summary judgment on the procedural due process claim. The district court denied the motion but reserved the right to reconsider it. The race discrimination claim was tried by a jury, which returned a special verdict that race was not a substantial or motivating factor in the Board's decision.

The district court did not submit the due process claim to the jury because it held that Wooten "was not entitled under the laws of Virginia, to be advised for the reason for the reassignment, nor was he entitled under the law to a hearing with regard to the reassignment." "Furthermore," the court continued, "under Virginia law, a school board has the right to reassign a principal to a teaching position, with a reduction in salary, without cause, as long as notice is given to the principal of the reassignment by April 15."

After the jury returned its verdict, Wooten renewed his motion for summary judgment on the due process claim. The district court again denied the motion and entered judgment for the Board. Wooten appeals only the dismissal of the procedural due process claim. He does not challenge denial of his complaint of racial discrimination.

II

■ An individual seeking to invoke the protections of the due process clause of the fourteenth amendment first must establish that he has been deprived of a liberty or property interest protected by that clause. *See Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Only when such interests are implicated must the state provide the individual with a hearing. Wooten alleges that the Board's action deprived him of both property and liberty interests.

■ The due process clause does not create property interests. To determine whether an individual has such an interest, we must look to "existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. In the specific context of educational employment, *Roth* held that there is no property interest in a one-year teaching contract having no renewal provision. There is, however, a protected property interest if a contract, either expressly or implicitly, provides for continued employment that can only be terminated for good cause. *See Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

■ In this case, Wooten was not dismissed from employment but instead was demoted with a cut in pay. The critical issue, therefore, is whether he had a legitimate entitlement to continued employment as a principal, absent good cause for reassignment. To answer this question, we must look both to the understanding between the Board and Wooten, as disclosed by their contract, and to the state law governing employment of school principals.

The contract stipulates that it is "continuing". It provides that Wooten could be "dismissed, suspended, or placed on probation for cause as provided by law." The contract is silent on the specific issue whether Wooten could be reassigned without cause to a teaching position at reduced pay. Arguably, the contract, standing alone, supports Wooten's contention, but it must be read in conjunction with state law defining its terms.

The relevant statute at the time of the Board's action was § 22–217.3 of the 1950 Virginia Code, as amended in 1976, which provided in part:*

Continuing contract status acquired by a principal or supervisor shall not be construed (i) as prohibiting a school board from reassigning such administrative or supervisory personnel to a teaching position if notice of reassignment is given by the school board by April fifteenth of any year or (ii) as entitling any such principal or supervisor to the salary paid him as principal or supervisor in the case of any such reassignment to a teaching position.

We agree with the district court that "continuing contract status" for principals, as statutorily defined, did not encompass a requirement that good cause be shown for reassignment. Indeed, § 22–217.3 of the Virginia Code specifically removed any implicit bar to Wooten's summary reassignment that otherwise might be inferred from his continuing contract. It is this statute that distinguishes this case from *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

Accordingly, Wooten has not shown a property interest, derived either from his contract or state law, upon which he can premise a constitutional claim that prior to reassignment he was entitled to a hearing and statement of reasons. *See Bishop v. Wood*, 426 U.S. 341, 343–47, 96 S.Ct. 2074, 2076–78, 48 L.Ed.2d 684 (1976).

### III

■ Nor has Wooten shown that the Board's action deprived him of a liberty interest in his reputation. The Court acknowledged in *Roth*, 408 U.S. at 572–75, 92 S.Ct. at 2706–08, that denial of tenure to a college teacher might make him less attractive to other employers. Nevertheless, it stressed that the liberty concept could not be stretched so far as "to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another." The Court concluded that in the absence of any public charge by the employer that might seriously damage the teacher's standing and associations in his community, the decision to deny tenure and release the teacher did not deprive him of any liberty interest in his reputation.

Similarly, in *Bishop*, 426 U.S. at 348, 96 S.Ct. at 2079, the Court decided that no protected interest is implicated by the "discharge of a public employee whose position is terminable at the will of the employer when there is no public disclosure of the reasons for the discharge."

Wooten has not identified any specific act of the Board, other than the statutorily authorized act of reassigning him, that damaged his reputation. Although the Board's action was fully explored in subsequent legal proceedings, Wooten has not shown that the Board voluntarily disclosed to the public the reasons for his reassignment prior to these proceedings. Because Wooten did not establish a protected liberty interest, the district court did not err in summarily dismissing this aspect of his due process claim.

* This statute has since been amended. *See* Va. Code Ann. § 22.1–294 (1980 rep. vol.). Neither party suggests that the amendment should be applied retroactively.

## IV

█ We find no error in the district court's denial of the Board's motion under 42 U.S.C. § 1988 for attorneys' fees. Pursuant to such a statute, a district court may in its discretion award attorneys' fees to a prevailing defendant if it finds that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The record does not support the Board's claim that the district court abused its discretion in deciding that this case did not warrant the award of attorneys' fees.

*AFFIRMED.*