**David M. OGILBEE, Appellant,**

**v.**

**WESTERN DISTRICT GUIDANCE CENTER, INC., a non-profit corporation, and J. F. Brammer, Appellees.**

**No. 81–1205.**

United States Court of Appeals, Fourth Circuit.

Argued July 13, 1981.

Decided Sept. 2, 1981.

James M. Bradley, Jr., Parkersburg, W. Va., for appellant.

Herbert G. Underwood, Clarksburg, W. Va. (Steptoe & Johnson, Clarksburg, W. Va., Daniel A. Ruley, Jr., Parkersburg, W. Va., on brief), for appellees.

Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

David Ogilbee appeals the district court's dismissal of his section 1983 suit against his former employer, Western District Guidance Center (Western District). We affirm.

### I.

Western District is a non-profit corporation chartered by the state of West Virginia in 1966. It is operated and funded in part pursuant to West Va.Code § 27–2A–1, which authorizes and directs the state health director to establish comprehensive community mental health and mental retardation centers throughout the state and which allows the West Virginia Department of Health to contract with non-profit organizations for operation of those centers. Western District, through its board of directors, contracted with the state health department to operate a center for several West Virginia counties.

David Ogilbee was employed as the administrator of Western District from August 1971 until October 1979, when the corporation, acting through its president J. F. Brammer, terminated his services. In April 1980, Ogilbee sued under 42 U.S.C. § 1983 for damages and for declaratory and injunctive relief. The complaint alleged that Ogilbee's employment had been terminated by Brammer and Western District without prior notice or reason; that his subsequent requests for reasons for the dismissal and a demand for reinstatement had not been honored; that he had been denied any procedural safeguards, i. e., hearing, confrontation or review; and that his dismissal had been motivated by bad faith or malice and had been in contravention of public policy.

Upon Western District's motion, pursuant to Fed.R.Civ.P. 12(b), the district court dismissed the complaint.

### II.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show deprivation, by virtue of state action, of a right secured by the Constitution or other law of the United States. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Blue v. Craig*, 505 F.2d 830 (4th Cir. 1974). Ogilbee seeks redress for an alleged deprivation of his fourteenth amendment due process rights. To support his allegation of a due process deprivation, Ogilbee must allege facts showing that he has been deprived, by force of state action, of a liberty or property interest protected by the due process clause. *See, e. g., Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

### A.

By means of his allegation that "[p]laintiff's termination has damaged the plaintiff's reputation and good name," Ogilbee's complaint might broadly be construed to claim deprivation of a liberty interest. In *Board of Regents v. Roth*, 408 U.S. at 573, 92 S.Ct. at 2707, the Court recognized that "[t]here might be cases in which a State refused to re-employ a person under such circumstances that interests in liberty

would be implicated." In that case, however, the Court found that those circumstances did not exist: the state had made no public charge against the plaintiff, that might seriously damage his standing and associations in the community and had not "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." *Id.* "It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another." *Id.* at 575, 92 S.Ct. at 2708. And in *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976), the Court refused to find a liberty interest in at will employment, that is, employment existing at the will of the employer, absent a public disclosure of the reasons for the discharge. *See also Wooten v. Clifton Forge School Board*, 655 F.2d 552 at 555 (4th Cir. 1981); *Bunting v. City of Columbia*, 639 F.2d 1090, 1094–95 (4th Cir. 1981).

▮ Ogilbee's complaint suggests only that, as a result of the mere act of his termination, some unspecified damage to his reputation has occurred. This suggestion, without more, is not sufficient under *Roth* and *Bishop* to allege deprivation of a liberty interest.

### B.

Ogilbee's complaint additionally fails to allege facts implicating a property interest cognizable under the fourteenth amendment.

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. In *Roth*, the Court held that the plaintiff had no protected property interest in his one year teaching contract having no renewal provision: the terms of the contract secured no interest in his re-

employment after the expiration of one year and supported no possible claim of entitlement to re-employment, "[n]or, significantly, was there any state statute or University rule or policy that secured his interest in re-employment or that created any legitimate claim to it." *Id.* at 578, 92 S.Ct. at 2710. Roth had an "abstract concern" in re-employment but no property interest sufficient to require procedural due process protections. *Id.*

In *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Court expanded the scope of the property interest in employment required to support a due process claim. Sindermann had no formal contractual or tenure security in his continued employment as a teacher. He had alleged, however, that his interest in continued employment was secured by a binding understanding fostered by the school's administration in its official faculty guide that provided for continued employment that could only be terminated for just cause. The Court noted that contract provisions do not have to be explicit to give rise to the requisite property interest in continued employment, and it remanded the case to give Sindermann an opportunity to prove the legitimacy of his claim of entitlement in light of the institution's practices and policies. The Court pointed out, however, that Sindermann's claim would be defeated if Texas law denied a teacher in his position any contractual or other claim to job tenure. *Id.* at 602 n.7, 92 S.Ct. at 2700 n.7. *See also Wooten v. Clifton Forge School Board*, 655 F.2d 552 at 554–555 (4th Cir. 1981) (applying *Roth* and *Sindermann*, court concluded that plaintiff had not shown property interest in employment under either his contract or state law).

▮ West Virginia law indicates that an employer has an absolute right to terminate an at will employee, although he may be liable for damages for doing so. *Shanholtz v. Monongahela Power Co.*, W.Va., 270 S.E.2d 178 (1980); *Harless v. First National Bank in Fairmont*, W.Va., 246 S.E.2d 270 (1978). Hence, if Ogilbee was an at will employee, then his termination, under West

Virginia law, could not implicate a protected property interest. The presumption is that a contract for employment for no definite period of time is an employment at will. *See, e. g., Wright v. Standard Ultramarine and Color Co.,* 141 W.Va. 368, 90 S.E.2d 459 (1955). Ogilbee alleges no facts indicating that his was not an at will employment, his singular relevant allegation being that he was employed by Western District from August 1971 until October 1979, when he was terminated. He has not identified any implicit or explicit provision in his contract (nor indeed has he referred to the terms of his contract at all) that would indicate his entitlement under West Virginia law to continued employment. Hence, under either *Roth* or *Sindermann,* he has shown no property interest requiring the protections of procedural due process.[1]

### III.

Ogilbee's failure to establish either a protected liberty or property interest is an adequate basis for our affirmance of the district court's dismissal of his complaint. The district court is affirmed.

*AFFIRMED.*

---

**1.** Ogilbee alleges the existence of state action because of state and federal funding and because of the statutory framework surrounding the creation and operation of Western District. Because of our disposition of his fourteenth amendment claim, however, we need not address whether the requisite state action was alleged.