Jackie CANNON, Plaintiff-Appellee,

v.

BECKVILLE INDEPENDENT SCHOOL DISTRICT, et al., Defendants-Appellants.

No. 82–2220.

United States Court of Appeals, Fifth Circuit.

July 5, 1983.

William C. Bednar, Jr., Austin, Tex., John C. Hardy, Tyler, Tex., for defendants-appellants.

John R. Smith, Center, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GOLD-BERG and REAVLEY, Circuit Judges.

REAVLEY, Circuit Judge:

The district court found that plaintiff was terminated from his job as superintendent of schools without due process. Defendant school district appeals and we reverse.

Plaintiff Cannon was hired by the Beckville I.S.D. ("B.I.S.D.") in 1976 for a three year term. He signed a written contract, pursuant to the B.I.S.D.'s policy requiring express, written contracts. On February 13, 1978, the Board voted unanimously to extend Cannon's contract through the 1979–80 school year. A contract was prepared and signed by Cannon, but was never submitted to the Board. Slightly over a year later the Board voted to rescind its motion to extend the contract, and voted to immediately remove Cannon of his superintendent's duties. B.I.S.D. did, however, pay all of Cannon's salary for the 1978–79 school year.

Cannon then brought this suit under 42 U.S.C. § 1983 alleging that he was discharged without due process. He asked for punitive damages and compensatory damages in regard to: (1) lost wages and (2) damages to his reputation. The district court awarded plaintiff damages for lost wages, but denied recovery for punitive damages and for any stigma resulting from the termination.

B.I.S.D. argues that Cannon lacked any property interest in its employment after June 30, 1979. We agree. The district court held that although plaintiff did not have an enforceable contract, he did have a property interest:

> [I]n light of the fact that the Board never inquired into the plaintiff's contractual status until a year later, after passing a motion, as well as the fact that the plaintiff continued in his employment for just over a year believing that his contract had been extended, created in the plaintiff more than a unilateral expectation of continued employment.

■ The district court was clearly erroneous in finding that Cannon believed that his *contract* had been extended. Nor is there any support in the evidence for another finding of the district court that the written contract was not submitted to the Board because of Cannon's inadvertence. Cannon testified that a contract was typed but was never actually submitted to the Board. He did not testify that he thought it had been submitted or that he had any thought that it had been executed. He was thoroughly familiar with the policy of the School Board to finalize the contract by a writing with "explicit contractual arrangement." Cannon could not have thought, under this record, that he had an existing right to employment past June of 1979. The right to continued employment was dependent upon a written contract.

■ Under the understanding of both parties, Cannon knew that he lacked a written contract for the extension. Because of the action of the Board in February of 1978, Cannon may have expected that, at some future point, a contract would be executed and the right to employment continued. It was not an expectation of existing right, if that were his thought, but it was only a unilateral and subjective expectation of a future right.

We do not think this state of affairs gave to Cannon a property interest that would warrant constitutional procedural due process protection. In *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the plaintiff was held to have raised the issue of an existing property interest because of an apparently binding understanding fostered by the college administration in its faculty guide, where it was said that permanent tenure was given to teachers so long as their services were satisfactory. The teacher's understanding that he had continuing employment could be predicated on legitimate reliance upon what the school administration had declared. In *Stapp v. Avoyelles Parish School Bd.,* 545 F.2d 527 (5th Cir.1977), the teacher was told that, if he accepted, he would be under contract. He did accept and it was held

that he enjoyed a property interest. In *Gosney v. Sonora Independent School District,* 603 F.2d 522 (5th Cir.1979), the official policies of the school board stated that the minutes of the board's meetings constituted binding action of the board. Since the board had recorded in its minutes its decision to rehire, an existing property interest was held by the teacher. However, as the court said in *Sims v. Fox,* 505 F.2d 857, 861 (5th Cir.1974): "There must be some reasonably identifiable source from which the rights spring" in order to constitute existing property rights. They cannot emanate from "mere subjective expectancy." *See Perry v. Sindermann,* 92 S.Ct. at 2700.

■ In the present case we can find no more than a general offer of employment and a willingness to finalize the contract in writing with acceptable terms. There is no rule or policy or misleading correspondence to afford any legitimate ground for Cannon to have considered the action of the Board in February of 1978 as creating then existing rights in him.

■ Cannon also argues that he is entitled to damages because of the denial of a hearing after February 20, 1979 when he was relieved of his duties for the school year which terminated June 30, 1979. The Board did nothing which could be said to have reflected against Cannon except by its decision not to renew. The Board paid Cannon the full amount due him under the existing contract. Despite Cannon's arguments here, he did not request a hearing by the Board on the cause for his being relieved. The only correspondence from his attorney requested negotiations to settle Cannon's claim under the alleged extended contract.

Finding no basis for relief, the judgment of the district court is reversed and plaintiff Cannon's cause of action is dismissed.

REVERSED AND RENDERED.