**William B. ROYSTER, Appellee,**

v.

**BOARD OF TRUSTEES OF ANDERSON COUNTY SCHOOL DISTRICT NUMBER FIVE; Tony Turner, Edward W. Morgan, W. Frank Kellam, A. Fred Stringer, Jr., as members of the Board of Trustees of Anderson County School District Number Five; and Anderson County School District Number 5, Appellants,**

**and**

**Ann W. Huitt, Brenda H. Coelz, Joe O. Bolt, Cynthia W. Williford, Carol H. Floyd, as individuals, Defendants.**

**William B. ROYSTER, Appellee,**

v.

**Tony TURNER, Edward W. Morgan, W. Frank Kellam, A. Fred Stringer, Jr., as individuals, Appellants,**

**and**

**Board of Trustees of Anderson County School District Number Five; Ann W. Huitt, Brenda H. Coelz, Joe O. Bolt, Cynthia W. Williford, Carol H. Floyd, as members of the Board of Trustees of Anderson County School District Number Five; and Anderson County School District Number 5, Defendants.**

Nos. 84–1935, 84–1936.

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1985.

Decided Oct. 3, 1985.

Rehearing and Rehearing En Banc Denied Nov. 21, 1985.

Bruce A. Byrholdt, Cary C. Doyle, Anderson, S.C. (C. Thomas Cofield, III, Doyle & Cofield, Chapman & King, Anderson, S.C., on brief), for appellants.

Kenneth L. Childs, Columbia, S.C. (David T. Duff, Childs, Duff & St. Pierre, Columbia, S.C., on brief), for appellee.

Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WIDENER, Circuit Judge:

William Royster brought this action for damages under 42 U.S.C. § 1983 against the Board of Trustees for Anderson County School District # 5 (Board), South Carolina, and the Trustees in their individual capacities, claiming a violation of due process rights as a result of Royster's termination as superintendent of Anderson County School District # 5. In a trial to a jury, the district court directed a verdict for Royster and against the Board, finding that Royster's dismissal amounted to the taking of a property interest without due process of law in violation of the Fourteenth Amendment. The issue of damages and individual trustee liability was submitted to the jury, which awarded actual damages against the Board and four trustees and punitive damages against the four trustees. The Board and individual trustees appeal, and we reverse.

I

William Royster was the superintendent of Anderson County School District # 5 from 1967 until January 11, 1983. During that period, Royster had been employed under a series of multi-year contracts which periodically had been renewed or extended. Royster's final employment contract was dated November 11, 1980, and originally covered the two-year period from July 1, 1980 to June 30, 1982. In September, 1981, that contract was extended for an additional year, to June 30, 1983.

In September 1982, the Board voted not to renew Royster's contract beyond June 30, 1983. After a series of reconsiderations on Royster's employment status, the Board, on January 11, 1983, informed Royster that he was being relieved of his duties as superintendent effective immedi-

ately but with full pay and benefits through June 30, 1983, the effective termination date of his contract. Royster was given no reason for his removal, and the Board gave no reason in its public announcement of the decision. Between January 11, 1983 and June 30, 1983, Royster received and accepted, in monthly checks, the compensation owed to him under the contract.

In bringing this action, Royster also sought damages for breach of contract, defamation, outrage, invasion of privacy and deprivation of a liberty interest under § 1983. Following motions for summary judgment, the claims of defamation, outrage and deprivation of a liberty interest were either dismissed or withdrawn, and are not now before us. The district court directed a verdict in favor of all defendants on the claim of invasion of privacy, and this is not an issue on appeal. On the breach of contract claim, the district court directed a verdict in favor of Royster, concluding that his dismissal constituted an improper discharge under the discharge for cause provisions of his employment contract. The Board stipulated that the district court assess damages for the breach, based on 26 days of unused annual leave. The Board has not appealed this decision.[1]

In directing a verdict for Royster on the due process claim, the district court determined that Royster's employment contract had created an expectation of continued employment through June 30, 1983, in turn establishing a constitutionally protected property interest subject to minimal due process under the Fourteenth Amendment. The court then concluded that in removing Royster from his position without adequate notice of the reasons and a fair opportunity to respond to them, the Board violated the notice and hearing requirements of the contract, constituting a taking of Royster's property interest without the minimally required due process.

Since we now decide that Royster had no constitutionally protected property interest,

we need not address the other issues raised on appeal.

## II

█ A public employee who is discharged without a hearing, and then seeks to invoke the protection of the due process clause of the Fourteenth Amendment, must first establish that he has been deprived of a liberty or property interest protected by that clause. *Board of Regents v. Roth,* 408 U.S. 564, 569–570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Wooten v. Clifton Forge School Bd.,* 655 F.2d 552, 554 (4th Cir.1981); *Prince v. Bridges,* 537 F.2d 1269, 1270–1271 (4th Cir.1976). It is only when such interests exist that the State must afford a hearing. *Wooten v. Clifton Forge School Bd.,* 655 F.2d at 554. Since the liberty interest claim is no longer in this case, we concern ourselves solely with Royster's allegation of a deprivation of a property interest.

█ The requirements for the establishment of a constitutionally protected property interest were set forth in *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709:

To have a property interest in a benefit [job], a person clearly must have more than an abstract desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

See *Prince v. Bridges,* 537 F.2d at 1271. In order to determine the existence of such a legitimate claim of entitlement, we must look to "existing rules or understandings that stem from an independent source such as state law...." *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. 2709; see *Beckham v. Harris,* 756 F.2d 1032, 1036 (4th Cir.1985). In the context of employment in public education, the independent source for the property interest has been said to be a contract which provides for continued employment, and which can be terminated only for good cause. See *Woo-*

---

1. The judgment of the district court does not take this sum into account, so we assume the

sum has been paid or agreed arrangements for payment of the same have been made.

*ten v. Clifton Forge School Bd.,* 655 F.2d at 554. Thus, only where the employee has a legitimate entitlement to continued employment do the requirements of due process attach. See *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. 2709; *Beckham v. Harris,* 756 F.2d at 1036.

The extent, if any, of constitutional protection afforded Royster's property interest in his contractual right to expectation of continued employment through June 30, 1983, under other circumstances, is a question we need not decide. See the language in *Wooten v. Clifton Forge School Board,* 655 F.2d 552–554 (4th Cir.1981); *Kilcoyne v. Morgan,* 664 F.2d 940–942 (4th Cir.1981); *Sigmon v. Poe,* 564 F.2d 1093–1096 (4th Cir.1977); and *Heath v. Fairfax Co.,* 542 F.2d 1236 (4th Cir.1976). As earlier implied, the facts of this case do not present ordinary circumstances. We have here a public employee with a contractual right to continued employment through June 30, 1983. On January 11, 1983, however, Royster was informed that he was being relieved of his duties as superintendent, but with full salary and benefits through the end of the contractual period. In response, Royster accepted the compensation.

This leaves the sole issue before us as whether Royster's property interest, i.e. the legitimate expectancy in continued employment, included not only the right to receive the compensation guaranteed under the contract, but also the right to actively engage in and execute the duties of his office. We recognize that the Board breached its contractual obligation in the procedure followed in Royster's release from duties. However, not every breach of a public employment contract amounts to a constitutional violation. See *Kilcoyne v. Morgan,* 664 F.2d 940, 942 (4th Cir.1981); *Sigmon v. Poe,* 564 F.2d 1093, 1096 (4th Cir.1977). In the present instance, careful consideration of the issue has persuaded us

that Royster's contract afforded him only the right to be fully compensated, and not the right to occupy the office of superintendent.

Royster has directed us to no authority which supports the proposition that a property interest in the continued expectation of public employment includes the right to physically possess a job, in defiance of the stated desire of the employer; nor has our own review revealed such authority. Indeed, to hold that Royster had a constitutionally protected property interest in continuing to perform his services would make it impossible for a public employer, dissatisfied with an employee's performance, but without specific contractual cause to discharge him, to relieve the employee from his duties although willing to compensate the employee in full. This is a situation full of difficulty and one which has received no support from the South Carolina Court, the Supreme Court, nor the courts of appeals, including our own.[2]

We are convinced that any constitutionally protected property interest Royster had as a result of his employment contract has been satisfied by payment of the full compensation due under the contract.

Our holding here is supported by the Fifth Circuit's decision in *Cannon v. Beckville Independent School District,* 709 F.2d 9 (5th Cir.1983), involving facts not unlike those before us. In *Cannon,* a school superintendent was removed from office while his contract was still unexpired. As here, the school district in *Cannon* paid in full the plaintiff's remaining compensation under the contract, and the court found no property interest existed. Id. at 11. We find the holding in *Cannon* persuasive.

Accordingly, the judgment of the district court is

REVERSED.

---

**2.** It may be persuasively argued that, under the terms of the contract, the Board had the right to control the duties of the Superintendent at all times, including relieving him of any duty. If that be true, then Royster could maintain only a unilateral expectation with respect to being al-

lowed to perform his duties, not a constitutionally protected property interest. *Board of Regents v. Roth,* 408 U.S. p. 577, 92 S.Ct. 2709. We need not rest our decision on that ground, however.