Mary Jo BRAGG, Thelma Patsy, Anna Pulice, Richard A. Spry, and James F. Papillo, Plaintiffs.

v.

L.J. TRUPO, individually and as Sheriff of Harrison County, West Virginia, P.J. Palagino, aka John Peters, and the County Commission of Harrison County, West Virginia, Defendants.

Civ. A. No. 85–294–C.

United States District Court, N.D. West Virginia, Clarksburg Division.

July 14, 1986.

Paul Zakaib, Jr., Charleston, W.Va., for plaintiffs.

Frank E. Simmerman, Jr., Clarksburg, W.Va., for defendants.

MAXWELL, Chief Judge.

### ORDER

All of the plaintiffs are former employees of the Harrison County Sheriff's Department. By letters dated December 31, 1984, the defendant John Peters, acting on behalf of defendant L.J. Trupo, terminated the employment of plaintiffs Patsy, Pulice, Spry and Papillo. It is further alleged that soon after Sheriff Trupo assumed his duties as Sheriff on January 1, 1985, Plaintiff Bragg's employment was terminated also. It appears from the Complaint that all the Plaintiffs were working for the former Sheriff Nelson Blankenship as non-Civil Service employees within the Harrison County Sheriff's Department.

The above-styled action was instituted by the Plaintiffs pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 and pursuant to the provisions of the 1st, 9th and 14th Amendments of the United States Constitution.

The Complaint charges that the Plaintiffs were dismissed by Defendant Trupo without procedural due process and that the Plaintiffs were denied equal protection under the law. Plaintiffs further assert that they were dismissed because of their political affiliation with a Democratic political faction. The Defendants have filed a Motion to Dismiss only the Plaintiffs' due process claims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The Defendants assert that the complaint fails to state a cause of action for which relief can be granted involving the deprivation of the due process rights of the plaintiffs. The Motion is supported by a Memorandum of

authorities. No response has been filed to the Motion to Dismiss.

Under the Fourteenth Amendment to the United States Constitution, it is unlawful for any state to deprive any person of "life, liberty, or property, without due process of law." Property interests are not created by the Constitution, but rather "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In cases concerning the property interests in continued employment, courts must look to state law to decide the sufficiency of the claim of entitlement. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

In the *Roth* case, the Supreme Court indicated that when a public employer who, in refusing to rehire an employee, makes charges against him that might damage his standing in the community or otherwise impose a stigma on the employee that forecloses his freedom to take advantage of other employment opportunities, an employee's interest in liberty may be implicated, and he should be given an opportunity to clear his name. The Supreme Court further qualified this liberty interest in *Bishop* where the Court noted that where there is no public disclosure of the reasons for discharging a public employee whose job is terminable at the will of the employer, no liberty interest is implicated.

Recently the West Virginia Supreme Court of Appeals rendered a decision in an action with a remarkably similar factual basis to the case at bar. In *Freeman v. Poling*, ―― W.Va. ――, 338 S.E.2d 415 (1985), the Court of Appeals held that non-Civil Service employees were not denied due process when their employment was terminated without pre-termination or post-termination hearings. The West Virginia Supreme Court found that the plaintiffs in *Freeman* did not have a property interest in continued employment sufficient to invoke the protections of due process nor did the discharge implicate a liberty interest

that would require a hearing so that the employee could clear his name.

■ The Plaintiffs complaint admits that they were non-Civil Service employees of the Harrison County Sheriff's Department. It is clear that the Plaintiffs had no legitimate expectation of continued employment and, therefore, were not denied a property interest without due process of law.

■ As to the allegations concerning a deprivation of a liberty interest, the only reason for their dismissal that was made public, if indeed it was made public, was that Defendant Trupo had "assembled a staff of qualified people to work with me in the various departments of this office." Exhibits B–1 to B–5 to the Defendants' Memorandum. The Court concludes that such a remark cannot be viewed as a comment of such damaging effect as to impair the Plaintiffs' standing in the community. It would be stretching the concept too far to conclude that a person's liberty interest is impaired merely because he has been discharged. *Bunting v. City of Columbia*, 639 F.2d 1090 (4th Cir.1981); *Ogilbee v. Western Dist. Guidance Center, Inc.*, 658 F.2d 257 (4th Cir.1981).

Upon mature consideration of the allegations set forth in the Plaintiffs' complaint, the Motion to Dismiss and the Memorandum in support thereof, and the applicable law, it appears that the Motion to Dismiss the due process claims of the Plaintiffs is well founded. Accordingly, it is

ORDERED that the Defendants' Motion to Dismiss the due process claims of the Plaintiffs is GRANTED.

The Clerk is directed to file as part of the record in this action the Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' Deprivation of Due Process Claims along with the attached Exhibits.

As to the portion of the Defendants' Motion to Dismiss that addresses the award of costs and attorneys fees incurred, it is

ORDERED that the awarding of costs and attorneys fees is DENIED.