Kenneth GEYER, Plaintiff,

v.

H. Victor MILLNER, Jr., et al., Defendants.

Civ. A. No. 86–0044–D.

United States District Court,
W.D. Virginia,
Danville Division.

Sept. 9, 1987.

---

John Philip Flannery, II, Leesburg, Va., for plaintiff.

Guy W. Horsley, Jr., Sr. Asst. Atty. Gen., Richmond, Va., Glenn W. Pulley, Danville, Va., Robert C. Wood, III, Lynchburg, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiff instituted this action under 42 U.S.C. § 1983 (1982), for an alleged deprivation of free access to courts of criminal jurisdiction, the right to prosecute a criminal complaint, the right to petition the government for redress of grievances, and the right of free speech. By Order dated February 3, 1987, this court dismissed plaintiff's claim finding that his cause of action was precluded under the Virginia law of *res judicata*. The defendants, as the prevailing party, have now moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988 (1982).

*Statement of Facts*

The plaintiff, Kenneth L. Geyer, owned certain property located in Pittsylvania County, a portion of which was the subject of a condemnation proceeding by the Pittsylvania County Service Authority ("the Authority") which obtained by condemnation an easement across the property of Geyer and others for the construction and maintenance of a sewer interceptor line to be constructed by the Town of Chatham and the Authority. The project apparently was to be funded by a grant to the Town of Chatham from the Environmental Protection Agency (EPA) and, initially, by a loan acquired by the Town of Chatham from a private bank.

On September 4, 1984, Circuit Judge B.A. Davis, III, of the Circuit Court of the Twenty-Second Judicial Circuit in Pittsylvania County, a defendant in this action, entered a final order vesting title to the property of Geyer and others in the Authority. As alleged in the Complaint, Geyer, represented by counsel, objected to that order. As far as the record reflects, Geyer did not appeal this order.

According to the allegations in the complaint, the Town began construction of the sewer/interceptor line on April 22, 1985, without any notice to, or appearance before, the County Board. It is also alleged that the Town first gave notice to the County Board on May 2, 1985. On May 6, 1985, the County Board of Supervisors approved the project at the request of the Town of Chatham. Construction of the pipeline continued through May 20, 1985, when the Town contractor, H. Hamner Gay, began laying the interceptor pipeline in the easement acquired across Geyer's property. On that date, Geyer filed a criminal complaint with the General District Court of Pittsylvania County, charging Gay with a violation of Virginia Code § 15.1–326 (1980, as amended).[1]

---

1. Va.Code § 15.1–326 provides, in pertinent part, as follows:

*Notice to governing body required prior to construction.*—Any person, firm, corporation, including municipal corporations, or association who or which proposes to establish a sewerage system consisting of pipelines or conduits ... shall, at least sixty days prior to commencing construction thereof, notify in writing the governing body of the county in which such sewerage system is to be located and shall appear at a regular meeting thereof and notify such governing body in person.

Va.Code § 15.1–331 further provides, in relevant part, as follows:

*Noncompliance with article; separate offense.*—Any person, firm, corporation or association who or which fails or refuses to notify the governing body of the county in which any such sewerage system is to be constructed or installed, ... and thereafter constructs and installs any such system ... shall be guilty of a misdemeanor and punished as provided in § 15.1–332. Each day of operation without notifying the governing body as above required or after disapproval by the governing body, shall constitute a separate offense.

Va.Code § 15.1–332 further provides that:

*Penalty; enjoining violation.*—Any person violating any provision of this article shall be guilty of a misdemeanor and may be punished by a fine of not less than twenty-five dollars nor more than five hundred dollars or by imprisonment in jail for not less than thirty days for more than six months, or by both, and, in addition, may be enjoined from further violation.

It is Geyer's contention that the purpose of the sixty-day notice requirement is to inform not only the County but also the public so that it may lend support or voice protest to such construction in the county.

According to the complaint, on May 21, 1985, defendants H. Victor Millner, Jr., Andrew W. Todd, and Clarence Edmunds flew to Charlottesville to petition Chief Judge Ingram of the Circuit Court of the Twenty-Second Judicial Circuit in Pittsylvania County, to request that Geyer and other unnamed citizens be enjoined and restrained for sixty days, until July 20, 1985, from prosecuting the pending criminal misdemeanor complaint or from filing any additional criminal complaints. Judge Ingram granted the *ex parte* injunction request, without prior notice to Geyer, on May 21, 1985.

After being served a copy of the Temporary Injunction Order, Geyer's counsel petitioned for Judge Ingram to dissolve the injunction, and requested a copy of the Bill of Complaint. Judge Ingram referred the matter to Judge Davis, and a hearing on the Temporary Injunction was held before Judge Davis on June 7, 1985. Geyer appeared with counsel and presented evidence in opposition to the Temporary Injunction. At the conclusion of said hearing, Judge Davis affirmed the Temporary Injunction. The complaint does not state whether an appeal from this decision was taken by Geyer.

Geyer then filed a Bill for an Injunction against the Town to prohibit the construction of the sewer project in view of the alleged violations of Va.Code § 15.1–326, *et seq.* A hearing on Geyer's civil Bill for Injunction was held before Judge Davis on June 27, 1985, at which time Geyer again appeared with counsel and presented evidence and argument on his behalf. Judge Davis denied this Bill for Injunction. The record reflects no appeal taken by Geyer.

On May 1, 1986, Geyer initiated the present cause of action against all three town officials and both judges, seeking damages, attorneys' fees, and declaratory relief. As mentioned *supra,* by Order dated February 3, 1987, this court dismissed Geyer's complaint because it found Geyer's cause of action was precluded under the Virginia law of *res judicata.*

*Defendants' Motion for An Award of Attorney's Fees*

In the absence of specific statutory authorization, the federal courts follow the "American Rule" and do not allow the prevailing party to recover attorney's fees as costs. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The one exception to this general rule is in that narrow class of cases where the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." 421 U.S. at 258–59, 95 S.Ct. at 1622. The defendants in this action move for this court to allow them an award of reasonable attorney fees. In determining whether attorney fees are permissible in this action, this court is guided by the U.S. Supreme Court opinion in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), which held that defendants who seek an award of attorney's fees under § 706(k) of Title VII of the Civil Rights Act of 1964[2] must prevail in the action and must show that the plaintiff's

It is worth noting that a close reading of § 15.1–331 arguably would result in a finding of a verdict of not guilty as to Gay. The operative clause of the section pertains to the contractor who "constructs and installs" the sewerage system. In the case of Mr. Gay it appears undisputed that the contractor was in the process of construction, but it appears equally undisputed that the system had not been installed. Giving to the words "constructs" and "installs" their normal and usual meaning, the operative clause of the statute has not been implicated, considering the fact that these two words are used in conjunction one with the other. As is universally the case, any criminal statute, which this most assuredly is, must be construed narrowly in favor of the defendant.

2. Defendants in this action seek attorney's fees pursuant to 42 U.S.C. § 1988. § 706(k) and § 1988 are analogous statutes in that they both specify an award of attorney's fees in actions seeking the vindication of an alleged deprivation of a constitutional right. Thus, the *Christiansburg* analysis of the efficacy of awarding attorney's fees under § 706(k) bears directly on this § 1988 action.

claim was frivolous, unreasonable, or without foundation. 434 U.S. at 421, 98 S.Ct. at 700. *See also, Wooten v. Clifton Forge School Board,* 655 F.2d 552, 556 (4th Cir. 1981).

The federal courts have consistently distinguished between prevailing plaintiffs and prevailing defendants in actions which seek to vindicate an alleged violation of a Constitutional right. For example, in *United States Steel Corp. v. United States,* 519 F.2d 359, 363–64 (3d Cir.1975), the court justified the imposition of a higher standard for prevailing defendants receiving an award of attorney's fees in that a plaintiff seeking to vindicate a constitutional right, "obtains not only his or her private rights, but helps accomplish the desired public objective . . .," whereas, "a prevailing defendant seeking attorney's fees does not appear before the court cloaked in the mantle of public interest." The court further stated, "a routine allowance of attorney's fees to successful defendants" might "effectively discourage suits in all but the clearest cases, and inhibit earnest advocacy on undecided issues." 519 F.2d at 364–65. *See also, Christiansburg, supra.*

▪ In light of this substantial legal authority, attorney's fees may be awarded to prevailing defendants pursuant to 42 U.S. C. § 1988 only when the plaintiff's claim is frivolous, unreasonable, or without foundation.

▪ The defendants assert that the prosecution of this case is but one of many attempts by the plaintiff to frustrate the Town's federally-funded sewer project. They contend that this case is simply the last in a long line of vindictive actions taken by the plaintiff to obstruct the use of an easement lawfully taken during a state condemnation proceeding. In short, the defendants allege that this suit is frivolous on its face and merely a pretext for a continuing pattern of harassment by the plaintiff directed toward them. Consequently, the defendants argue that in prosecuting this suit the plaintiff acted vexatiously and in bad faith, that he was faced with overwhelming precedent that indicated his cause of action was precluded by the Virgi-

nia law of *res judicata,* and in the face of that law he acted unreasonably in initiating this action. They assert that such action justifies an award of the defendants' reasonable attorney's fee.

The defendants place great emphasis on the number of legal proceedings the plaintiff initiated in the state court concerning the disputed easement to bolster their argument that plaintiff acted vexatiously and in bad faith in pursuing this present action. That is not the issue. The matter before this court is not the number of prior legal actions; rather, it is the validity of the plaintiff's action in this court. Notwithstanding this court's Order to dismiss this case based on its reading of the Virginia law of *res judicata,* the plaintiff operated under an arguable basis in law to support his contention that he was not precluded from initiating this suit by his failure to appeal the adverse state proceedings. The plaintiff proceeded under a novel theory that the state equity court lacked jurisdiction to enjoin the plaintiff from prosecuting a criminal complaint. Moreover, he asserted that the equity court was an unsuitable forum to consider a complaint grounded on a constitutional tort, which was the gravamen of his complaint in this action. Had this court embraced either of these theories it would have been compelled to find that the Virginia law of *res judicata* was not a bar to this instant action. Under these circumstances this court is unwilling to conclude that the plaintiff's case was necessarily frivolous or vexatious.

Although the plaintiff was confronted with substantial opposing authority, the legal issues he sought to advance had, arguably, some legal support. This court understands profoundly that the advancement and evolution of the law requires the presentation of novel, or indeterminate, legal theories. In a case such as this, where that theory is not facially unreasonable or frivolous, it is this court's role to protect and encourage earnest advocacy on unsettled issues. An award of attorney's fees to defendants in this action would suppress rather than encourage such advocacy. Finding that the plaintiff's conduct in pros-

ecuting this action was neither frivolous nor vexatious, defendants' motion for an award of attorney's fees shall be denied.

An appropriate Order shall this day issue.