**Traci A. SCHNEEWEIS, Plaintiff,**

v.

**Rocky JACOBS, et al., Defendants.**

**Civ. A. No. 91–0192–A.**

United States District Court, E.D. Virginia, Alexandria Division.

July 29, 1991.

---

Blair Duncan Howard, Howard, Leino and Howard, Alexandria, Va., for plaintiff.

Thomas John Cawley, Stuart Alan Raphael, Hunton & Williams, Fairfax, Va., for defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendants' motion for summary judgment. Plaintiff is a high school basketball coach who was temporarily suspended from her coaching responsibilities pending an investigation into various complaints regarding her coaching conduct. Plaintiff brought this suit for declarative, injunctive and monetary relief alleging that the suspension violated her constitutional right to procedural due process, substantive due process and equal protection of the law. The court finds there are no material facts in dispute and the case can be decided on the summary judgment motion.

The plaintiff, Traci A. Schneeweis ("Schneeweis"), is employed by the Fairfax County School Board (the "School Board"), as a full-time health and physical education teacher at James W. Robinson Jr., Secondary School ("Robinson"). Separate and apart from her teaching contract, Schneeweis entered into an Extra–Duty Supplemental Assignment ("Supplemental Assignment") for the 1990–1991 school year to serve as head coach of Robinson's girls varsity basketball team. Schneeweis was first hired to coach the girl's basketball team by the principal of Robinson, William E. Jackson, Jr. ("Jackson"), in 1984 and her employment as coach was renewed in each subsequent year. Under her Supplemental Assignment, Schneeweis was paid a stipend separate and apart from the salary she earned as a physical education teacher.

On December 20, 1990 Schneeweis was temporarily suspended from her position as girl's varsity basketball coach by principal Jackson, pending an investigation by the Office of Human Relations into complaints that had been made about Schneeweis' coaching conduct and judgment. Her contract to teach physical education at Robin-

son was unaffected. Upon her suspension, Schneeweis was paid the full stipend due under her Supplemental Assignment for the 1990–1991 coaching season. Schneeweis did not contest the suspension pursuant to state grievance procedures.

Fairfax County Public School Regulation 4650.5 ("F.C.P.S. Reg. 4650.5") establishes guidelines for supplemental assignments. Supplemental assignments are used to hire individuals for an array of extra-curricular roles, ranging from a choir director position that runs the length of the entire school year to football and basketball positions that are seasonal. Supplemental assignments are separate and distinct from teaching contracts. An employee under a supplemental assignment is paid a stipend independent of his or her teaching salary.

Principals of Fairfax County schools are responsible for hiring supplemental salary employees and preparing supplemental assignments. A supplemental assignment is effective when signed by the employee and the assistant superintendent for personnel services. Supplemental assignments must be renewed each year by the principal as F.C.P.S. 4650.5 provides that "[a]nnual contracts without automatic renewal shall be offered for all supplemental activities." Fairfax County Public Schools Regulation 4650.5 provides that individuals "relieved of his or her responsibilities by a program manager during the period of the supplemented activity must use the grievance procedures specified under "Part A" of the State Grievance Procedure if he or she wishes to contest the program manager's action."

Following her suspension, Schneeweis brought this suit for declarative, injunctive, and monetary relief against defendants Jay D. Jacobs ("Jacobs"), the Deputy Superintendent for School Operations, Fairfax County Public Schools, Alan E. Leis ("Leis"), the Assistant Superintendent for the Department of Personnel Services, Fairfax County Public Schools, William E. Jackson, Jr., principal of Robinson, and the Fairfax County School Board. In her complaint, Schneeweis claims that her suspension on December 20, 1990 violated her fourteenth amendment rights to procedural due process, substantive due process, and the equal protection of the laws. These constitutional claims are alleged by Schneeweis to be predicate violations of 42 U.S.C. § 1983, with jurisdiction founded upon 28 U.S.C. § 1343(a)(3). She also makes a pendant state law claim, namely that the failure of the defendants to provide her with a direct school board hearing violated Va.Code Ann. § 22.1–315 (1985) and F.C.P.S. Policy 4270. Plaintiff requests a declaratory judgment that the actions of the defendants were unlawful, an injunction to prevent the defendants from further suspending her, and $500,000 in compensatory damages for the emotional distress and injury to reputation she allegedly sustained as a result of her suspension.

■ Defendants have asserted the defense of qualified immunity to confront Schneeweis' allegations of deprivation of constitutional rights. Where qualified immunity is raised as an affirmative defense to liability in a § 1983 action, the court must first address the threshold issue of whether the plaintiff has alleged "the violation of a clearly established constitutional right." *Siegert v. Gilley*, — U.S. —, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (whether a clearly established constitutional right was violated is a preliminary issue and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed").

The gravamen of plaintiff's complaint is that the failure of the defendants to provide her with notice and a hearing prior to her suspension on December 20, 1990 deprived her of procedural due process under the Fourteenth Amendment to the United States Constitution. Schneeweis' procedural due process claim fails as a matter of law because she can not identify any injury to a constitutionally protected property or liberty interest.

■ A plaintiff claiming to have been discharged or suspended without notice or a hearing must first establish that he or

she has been deprived of a property or liberty interest that is protected by the due process clause of the fourteenth amendment. *Bd. of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Once a plaintiff has demonstrated a constitutionally protected property or liberty interest, the court may inquire into the sufficiency of the process afforded. *Royster v. Bd. of Trustees of Anderson Co. School Dist. No. 5,* 774 F.2d 618, 620 (4th Cir.), *cert. denied,* 475 U.S. 1121, 106 S.Ct. 1638, 90 L.Ed.2d 184 (1985).

█ Plaintiff asserts that she has been deprived of a property interest in continued employment under her Supplemental Assignment. While Schneeweis concedes that she has been paid the full stipend due to her for the 1990–1991 coaching season and acknowledges that there is no right of renewal to supplemental assignment duties, she contends that she could only be relieved of her coaching duties for "good cause."

█ Schneeweis relies on § 22.1–315 of the Virginia Code for her "good cause" argument.[1] However, Virginia Code § 22.1–315 governs the suspension of teachers and does not apply to supplemental salary employees who have undertaken extra duties pursuant to supplemental assignments separate and apart from their teaching contracts.

Upon her suspension, plaintiff was paid the entire $2,374 stipend owed under her Supplemental Assignment coaching contract for the 1990–1991 basketball season. It is settled law in this circuit that payment in full under a contract of employment satisfies any constitutionally protected property interest in employment, even if the employee has been discharged without notice or hearing. *See, e.g., Royster,* 774 F.2d at 621 (holding that "any constitutionally protected property interest Royster had as a result of his employment contract has been satisfied by payment of the full compensation due under the contract"); *see also Fields v. Durham,* 909 F.2d 94, 98 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991); *Huang v. Bd. of Governors of the Univ. of North Carolina,* 902 F.2d 1134, 1141–42 (4th Cir.1990). The property interest at stake is the right to be paid under a contract of employment. Schneeweis' purported property interest in her Supplemental Assignment was extinguished by the school board's payment to her of the full stipend due for the 1990–1991 coaching season.

█ Schneeweis' claim of deprivation of a protected liberty interest similarly fails to pass constitutional muster. The due process clause prohibits arbitrary deprivations of liberty interests. *Goss v. Lopez,* 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975). Injury to reputation alone is not a protected liberty interest. *Paul v. Davis,* 424 U.S. 693, 708–709, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405, *reh'g denied,* 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976). To invoke the procedural protection of the due process clause through a claim of injury to a liberty interest, a plaintiff must allege either public disparagement damaging to an individual's standing in the community or a stigmatic injury to an employment interest likely to impair future work-related opportunities. *Roth,* 408 U.S. at 573, 92 S.Ct. at 2707.

---

**1.** Virginia Code § 22.1–315 (1985) provides in pertinent part as follows:

**§ 22.1–315. Grounds and procedure for suspension.** A. A teacher may be suspended for good and just cause when the safety or welfare of the school division or the students therein is threatened or when the teacher has been charged by summons, warrant, indictment or information with the commission of a felony, a crime of moral turpitude or any offense involving the sexual molestation, physical abuse, or rape of a child. Except when a teacher is suspended because of being charged by summons, warrant, indictment or information with the commission of a felony or a crime of moral turpitude, a division superintendent or appropriate central office designee shall not suspend a teacher for longer than sixty days and shall not suspend a teacher for a period in excess of five days unless such teacher is advised in writing of the reason for the suspension and afforded an opportunity for a hearing before the school board in accordance with §§ 22.1–311 and 22.313. Any teacher so suspended shall continue to receive his or her then applicable salary unless and until the school board, after a hearing, determines otherwise.

Schneeweis contends that the suspension injured her professional reputation in the community. There are no facts to support an allegation that Schneeweis has been subjected to charges seriously damaging to her standing in the community. Schneeweis' personnel file is void of any mention of her suspension or complaints regarding her conduct as coach. Schneeweis was told by principal Jackson and the Fairfax school system's Office of Human Relations that nothing would be put in her personnel file regarding her removal. The defendants did not make any public statements about the suspension except for principal Jackson's confirmation to the press that he had removed Schneeweis from her coaching position. No statements have been made to the press to disparage Schneeweis or harm her standing or associations in the community. *See Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976) (rejecting liberty claim of a policeman who was discharged without a hearing and privately advised of the reasons for his dismissal and the reasons were not made public). Because plaintiff has not been subjected to public charges seriously damaging to her standing in the community, *see, e.g., Roth,* 408 U.S. at 573, 92 S.Ct. at 2707, there are no facts to support her claim of injury to a protected liberty interest.

Schneeweis has not sustained an injury to an employment interest. A suspension does not rise to an impairment of an employment interest under *Roth. See Johnson v. Morris,* 903 F.2d 996, 999–1000 (4th Cir.1990) (holding that where an employee was suspended and not discharged, that individual did not suffer an injury to an employment interest because he remained employed). Upon her suspension, Schneeweis was paid the full stipend due to her for the 1990–1991 coaching season. Schneeweis' status as a physical education teacher remained unchanged. Schneeweis has not sustained any injury to an employment interest sufficient to implicate a protected liberty interest under *Roth.*

■ Schneeweis' substantive due process claim similarly lacks constitutional merit. Schneeweis claims that the defendants "arbitrarily" suspended her from her coaching duties. Continued employment is protected by procedural due process and not substantive due process. *Dunn v. Town of Emerald Isle,* 722 F.Supp. 1309, 1312 (E.D.N.C.1989), *aff'd mem.,* 918 F.2d 955 (4th Cir.1990). Substantive due process protects rights that are "implicit in the concept of ordered liberty." *Brennan v. Stewart,* 834 F.2d 1248, 1255–56 (5th Cir. 1988). Schneeweis has not identified a fundamental right that is protected by substantive due process. The law does not recognize a fundamental right to coach basketball.

■ Schneeweis asserts that she was denied equal protection of the laws under the fourteenth amendment when she was removed as coach, while her assistant coach, Angela Hensley, who was the subject of similar complaints, was not affected. The rational basis test applies to plaintiff's equal protection claim as Schneeweis has not asserted discrimination on the basis of a suspect classification or denial of a fundamental right. *See, e.g., Christian Gospel Church v. City & County of San Francisco,* 896 F.2d 1221, 1225–26 (9th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 559, 112 L.Ed.2d 565 (1990) (under the rational basis test, a plaintiff must show that a similarly situated class was treated differently without a rational basis). As head coach of the girls' varsity basketball team, Schneeweis was responsible for the success or failure of the entire program. It was entirely rational for the school board to remove Schneeweis and not her assistant coach.

■ Moreover, absent allegations of race or sexual discrimination, Schneeweis' claim that she was denied equal protection of the law is not justiciable in this court. The Fourth Circuit has held that § 1983 challenges to personnel decisions brought under the guise of the equal protection clause are only justiciable if they allege discrimination on the basis of race, gender or the exercise of first amendment rights. *Clark v. Whiting,* 607 F.2d 634, 638–39 (4th Cir.1979); *see also Zombro v. Balti-*

*more City Police Dept.*, 868 F.2d 1364, 1371 (4th Cir.), *cert. denied*, 493 U.S. 850, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989) (applying *Clark* to hold that age discrimination claim was not justiciable).

 School officials exercising discretion in supervising the operation of schools are entitled to qualified immunity from civil damages under § 1983. *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1000–01, 43 L.Ed.2d 214 *reh'g denied*, 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975). The Supreme Court articulated the following test for determining whether qualified immunity attaches:

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. The individual defendants, Deputy Superintendent Jacobs, Assistant Superintendent Leis, and Principal Jackson, are entitled to qualified immunity as no reasonable school official would have known that suspending Schneeweis and paying her the full stipend due for the 1990–1991 season pending an investigation into complaints about her coaching conduct would violate any clearly established constitutional right to due process and equal protection.

■ The Fairfax County School Board can not be held liable under § 1983. The Supreme Court has rejected municipal liability premised on a theory of *respondeat superior. Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978). A municipal entity can only be held liable for acts that it has officially sanctioned or ordered. *St. Louis v. Praprotnik*, 485 U.S. 112, 113, 108 S.Ct. 915, 918, 99 L.Ed.2d 107 (1988). Schneeweis has not alleged any facts to support a claim of ratification or final policy making by the Fairfax County School Board that would violate her constitutional rights.

Schneeweis cannot overcome the defense of qualified immunity as she cannot estab-

lish that her suspension violated any clearly established constitutional rights of which a reasonable school official would have known or that the Fairfax County School Board ratified the decision of Jackson to remove Schneeweis as coach. Because the court finds that plaintiff has not alleged the violation of any constitutionally protected rights, it declines to address plaintiff's pendant state law claims. An appropriate order shall issue.